IN THE CIRCUIT COURT OF RANKIN COUNTY, MISSISSIPPI

PHILLIP CRECHALE,
AS PERSONAL REPRESENTATIVE
AND WRONGFUL DEATH BENEFICIARY OF
CAROLYN N CRECHALE, DECEASED, AND ON BEHALF
OF OTHER WRONGFUL DEATH BENFICIARIES                          PLAINTIFF

VS.                                              CAUSE NO. 19-210

CARROLL FULMER LOGISTICS CORPORATION;
DAVID L. BROOKS; AND
JOHN AND JANE DOES 1-10                                        DEFENDANT

FILED
AUG 27 2019
REBECCA N. BOYD, CIRCUIT CLERK
BY _____

COMPLAINT
(JURY TRIAL DEMANDED)

COMES NOW Plaintiff, Phillip Crechale, as personal representative and wrongful death beneficiary of Carolyn Crechale, deceased, (hereinafter or "Plaintiff"), by and through Counsel, and files this action against Defendants, Carroll Fulmer Logistics Corporation (hereinafter "Defendant Fulmer"), David L. Brooks (hereinafter "Defendant Brooks"), collectively "Defendants," and John and Jane Does 1-10. In support thereof, Plaintiff would show unto this Court the following:

PARTIES

1.

Phillip Crechale is an adult resident citizen of Hinds County, Mississippi. He is the son, beneficiary, and rightful heir of Carolyn Crechale, deceased.

2.

Carroll Fulmer Logistics Corporation is Florida Corporation with its principal place of business located at 8340 American Way, Groveland, FL 34736-5000. Carroll Fulmer Logistics

1



Corporation can be served with Process through its registered agent, Philip Fulmer, at 8340 American Way, Groveland, FL 34736-5000.

3.

Defendant David Brooks is an adult resident citizen of Winter Haven, Florida, residing at 416 Whitman Road, Winter Haven, Florida, 33884. Defendant Brooks may be served with process of this court by any means allowed by the Mississippi Rules of Civil Procedure.

4.

Defendants John and Jane Doe 1-10 are fictitious Defendants, the true identity of each is unknown to Plaintiff, and who are parties herein pursuant to Rule 9(h) of the Mississippi Rules of Civil Procedure. More specifically, John and Jane Doe(s) Defendants constitute the class of organizations, companies, or individuals unknown to Plaintiff at this time that through their negligence, conspiracy, concealment, or otherwise caused Plaintiff's damage or delayed Plaintiff's access to judicial relief. Plaintiff reserves the right to amend the Complaint when upon discovery of the true identity of each fictitious Defendant, with service of process to be executed on each party.

5.

At all times relevant to this action, Defendant Carroll Fulmer Logistics Corporation's agent and/or employee, David Brooks, was acting in the scope of his agency and employment with Carroll Fulmer Logistics Corporation. Accordingly, Defendant Johnson is vicariously responsible for the alleged acts and omissions of its employee, as well as any other employees, agents, individuals, or managers that were negligent while acting on behalf and for Defendant Brooks named herein.

## JURISDICTION AND VENUE

6.

Jurisdiction is proper, pursuant to Mississippi Code of 1972, § 9-7-81, in that the amount in controversy exceeds Two Hundred Dollars ($200.00).

7.

Venue is proper, pursuant to Mississippi Code of 1972, § 11-11-3(1)(a)(i), in that Plaintiff's claim arises out of the negligent acts and/or omissions of the Defendants, all or part of which occurred in this jurisdiction.

## FACTS

8.

On or about August 26, 2019, Carolyn Crechale was the driver of an automobile that traveling in a northerly direction on I-55 in Rankin County, Mississippi. Upon information and belief, Carolyn Crechale was involved in a car wreck with a third party and her vehicle subsequently came to rest on the "stack" of I-55. At the same time, date and approximate location, Defendant Brooks was operating an 18-wheeler and was also traveling in a northerly direction on I-55. Defendant Brooks was approaching Carolyn's vehicle from the rear when, suddenly and without warning, he failed to use caution and crashed into the rear of her automobile.

9.

Defendant Brooks was in the course and scope of his employment and was operating the commercial carrier for Carroll Fulmer Logistics Corporation at the time this incident occurred.

10.

At all relevant times hereto, Carolyn Crechale did not cause or contribute to the subject collision.

11.

Carolyn Crechale succumbed to her injuries and was pronounced dead at the scene of the accident.

12.

At all relevant times, Defendant Brooks was traveling at a speed that was unsafe for the conditions and/or for the roadway in question. Defendant Brooks was driving recklessly and carelessly as he failed to apply his brakes in a reasonable manner. As a result of said negligence, Defendant Brooks failed to bring his vehicle under control before crashing into the rear of the Carolyn Crechale's vehicle.

## CAUSE OF ACTION

I. NEGLIGENCE OF DEFENDANT BROOKS

13.

Plaintiff incorporates by reference each and every averment made in paragraphs 1-12 above.

14.

Defendant Brooks owed the following duties to Carolyn Crechale:

A. To exercise reasonable, ordinary care of his commercial carrier;

B. To exercise the same care that a reasonably prudent person would under like circumstances;

C. To exercise reasonable, ordinary care to keep a proper lookout for other vehicles;

D. To bring the vehicle under control with sufficient distance for him to do so before colliding with another vehicle;

E. To not be inattentive;

F. To apply reasonable braking methods;

G. To maintain control of his vehicle;

H. To maintain his lane of traffic;

I. To maintain a proper lookout in the direction he was traveling;

J. To abide by and follow all Federal Motor Carrier Safety Regulations;

K. To maintain the truck and trailer in compliance with all State and Federal Motor Carrier Safety Regulations;

L. To comply with all Commercial Vehicle requirements consistent with Mississippi Department of Transportation, as well as all state and federal laws;

M. To use proper space management techniques as required by the Federal Motor Carrier Safety Regulations;

N. To use proper speed management techniques as required by the Federal Motor Carrier Safety Regulations;

O. To use proper hazard perception techniques as required by the Federal Motor Carrier Safety Regulations;

P. To equip the commercial carrier with proper safety equipment that could have prevented or lessened the impact of said collision; and

Q. To follow the Rules of the Road; and

R. Other acts of negligence that will be shown at trial.

### 15.

Defendant Brooks had a duty to act as a reasonably prudent person under like circumstances; he owed this duty to Carolyn Crechale. Defendant breached every duty as listed above, and by doing so caused the death of Carolyn.

### 16.

The direct and proximate causes of Carolyn's injuries was the Defendant's negligent acts. But for his negligent acts and/or omissions, the harm suffered by Carolyn could have been avoided.

17.

As a direct and proximate cause of Defendant's negligence, Carolyn Crechale lost her life.

II. **NEGLIGENT ENTRUSTMENT/SUPERVISION/HIRING OF DEFENDANT BY CARROLL FULMER LOGISTICS CORPORATION**

18.

Upon information and belief, Defendant Carroll Fulmer Logistics Corporation was the owner of the commercial vehicle that Defendant Brooks was operating at the time of the subject incident. Defendant Carroll Fulmer Logistics Corporation was negligent in the supervision, entrustment, and hiring of Defendant Brooks.

19.

This negligent supervision, entrustment, and hiring of Defendant Brooks proximately caused injury to Carolyn. The direct and proximate causes of Carolyn's injuries were as a result of this Defendant's negligent acts. But for these negligent acts and/or omissions the harm suffered by Carolyn could have been avoided.

III. **VICARIOUS LIABILITY**

20.

Plaintiff incorporates by reference each and every averment made in paragraphs 1-19 above.

21.

At all relevant times, all employees, including Defendant Brooks, was acting within the course and scope of his employment with Defendant Carroll Fulmer Logistics Corporation and in furtherance of its business interests. Defendant Carroll Fulmer Logistics Corporation is likewise liable for any and all negligent conduct of its employees which caused harm to Carolyn, under the theory of *respondeat superior*.

22.

Plaintiff reserves the right to amend his Complaint to specifically name any individual defendant(s) not specifically named herein after reviewing the pleadings or discovery of Defendant.

## DAMAGES

23.

As a direct and proximate result of the negligence of the Defendants, Phillip Crechale, individually and on behalf of other wrongful death beneficiaries of Carolyn Crechale, Deceased, under the provisions of Miss. Code Ann. § 11-7-13, are entitled to recover the following damages:

(a) The net present cash value of Carolyn Crechale's life expectancy at the time of her death;

(b) The loss of society, companionship, love and affection of her children;

(c) The physical, mental and emotional pain and suffering experienced by Carolyn Crechale prior to her death;

(d) The medical and funeral expenses incurred as a result of Carolyn Crechale's death;

(e) Any medical expenses incurred as a result of Carolyn Crechale's injuries and death;

(f) The present value of Carolyn Crechale's right to live out her normal life expectancy;

(g) The loss of all future earnings and services;

(h) The present value of Carolyn Crechale's loss of future enjoyment of life;

(i) Punitive Damages, attorneys' fees, and costs to bring this action;

(j) All other economic or non-economic damages that the Plaintiff may be entitled; and

(k) Any other relief which the Court or jury deems just and appropriate in the premises, including punitive damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a trial by jury and seeks judgment of, from, and against the Defendants listed above to adequately compensate the lost life of Carolyn Crechale, and for any other relief provided by law.

Respectfully submitted this the _____ day of August, 2019.

Philip Crechale, Individually and on Behalf of other Wrongful Death Beneficiaries, Plaintiff

_____
MIKE SALTAFORMAGGIO

COUNSEL FOR PLAINTIFF:

Mike Saltaformaggio (MSB# 104000)
Seth Thompson (MSB# 103887)
Mack Reeves (MSB#104823)
'Maggio | Thompson, LLP
1227 East Fortification St.
Jackson, Mississippi 39202
Ph: 601-300-3333
Fax: 769-257-7770
mike@mtlawms.com
mack@mtlawms.com

IN THE CIRCUIT COURT OF RANKIN COUNTY, MISSISSIPPI

PHILLIP CRECHALE,
AS PERSONAL REPRESENTATIVE
AND WRONGFUL DEATH BENEFICIARY OF
CAROLYN CRECHALE, DECEASED, AND ON BEHALF
OF OTHER WRONGFUL DEATH BENFICIARIES                           PLAINTIFF

VS.                                                  CAUSE NO. 19-210

CARROLL FULMER LOGISTICS CORPORATION;
DAVID L. BROOKS; AND
JOHN AND JANE DOES 1-10                                        DEFENDANTS

## SUMMONS

To:   Carroll Fulmer Logistics Corporation
      Philip Fulmer, Registered Agent
      8340 American Way
      Groveland, Florida 34736-5000

Or wherever said person may be found in said County and State.

## NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to this Complaint to Mike Saltaformaggio of 'Maggio | Thompson, LLP, attorney for the Plaintiff, whose address is 1227 East Fortification Street, Jackson, MS 39202. Your response to the Complaint must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this ___27___ day of ___August___, 2019

REBECCA N. BOYD, CIRCUIT CLERK

By: ___Kiray Henderson D.C.___

(SEAL)

IN THE CIRCUIT COURT OF RANKIN COUNTY, MISSISSIPPI

PHILLIP CRECHALE,
AS PERSONAL REPRESENTATIVE
AND WRONGFUL DEATH BENEFICIARY OF
CAROLYN CRECHALE, DECEASED, AND ON BEHALF
OF OTHER WRONGFUL DEATH BENFICIARIES                        PLAINTIFF

VS.                                                         CAUSE NO. 19-210

CARROLL FULMER LOGISTICS CORPORATION;
DAVID L. BROOKS; AND
JOHN AND JANE DOES 1-10                                     DEFENDANTS

## SUMMONS

To:   David Brooks
      416 Whitman Road
      Winter Haven, Florida 33884

Or wherever said person may be found in said County and State.

## NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to this Complaint to Mike Saltaformaggio of 'Maggio | Thompson, LLP, attorney for the Plaintiff, whose address is 1227 East Fortification Street, Jackson, MS 39202. Your response to the Complaint must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this 27 day of August, 2019

REBECCA N. BOYD, CIRCUIT CLERK

By: Kaey Henderson, D.C.

(SEAL)