IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PHILLIP CRECHALE ET AL                                                      PLAINTIFFS

VS.                                                         CIVIL ACTION NO. 3:19-CV-617

CARROLL FULMER LOGISTICS CORP.,                                            DEFENDANTS
ET AL

### ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS AS TO CLAIMS OF INDEPENDENT NEGLIGENCE AND PUNITIVE DAMAGES

Before this court is a Motion filed under 12(c)[1] of the Federal Rules of Civil Procedure by the Defendants Carroll Fulmer Logistics Corporation (hereafter "Carroll Fulmer") and David L. Brooks (hereafter "Brooks") **[doc. no. 39].** By this motion styled "Motion for Judgment on the Pleadings as To Claims of Independent Negligence and Claims for Punitive Damages," Defendants herein seek an order dismissing all of Plaintiffs' claims, except Plaintiffs' claim for damages by way of simple negligence. Defendants' effort also embraces Plaintiffs' claim for punitive damages. Plaintiffs have not responded to this motion, although they have been allowed ample time to do so.

This lawsuit stems from a motor vehicle accident that occurred on August 26, 2019, in Rankin County, Mississippi. In that unfortunate mishap, Carolyn Crechale lost her life. Brooks,

---

[1] **12(c) – Judgment on the Pleadings.** After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings.

1

an employee or agent of Carroll Fulmer, was the driver of the tractor-trailer which struck the rear of the automobile being driven by Carolyn Crechale.  In this lawsuit, Plaintiffs herein seek to recover wrongful death damages against the Defendants, collectively.

Plaintiffs herein are: Phillip Crechale[2]; Kenneth John Crechale; and Michael Crechale, as personal representatives and wrongful death beneficiaries of Carolyn Crechale, deceased, and on behalf of other wrongful death beneficiaries.   All of the Plaintiffs enjoy Mississippi citizenship.

The Defendants herein are: Carroll Fulmer Logistics Corporation, a corporate citizen of the States of Nevada and Florida; and David L. Brooks, a resident citizen of Florida.

Philip Crechale filed this lawsuit in the Circuit Court of Rankin County, Mississippi (state court), seeking a judgment in an unspecified amount.  Defendants, within the allowable time frame of thirty days from the date of service of process,  removed this litigation from state court to this federal district court pursuant to the provisions of Title 28 U.S.C. §§ 1332,[3] 1441[4] and 1446.[5]

---

[2] Phillip Crechale, a son of the deceased, filed this lawsuit on August 29, 2019.  Thereafter, Kenneth John Crechale and Michael Crechale, also sons of Carolyn Crechale, intervened as Plaintiffs. *Agreed Order granting Motion to Intervene*, [doc. no. 10].

[3] **28 U.S.C. § 1332.  Diversity of citizenship; amount in controversy; costs**
  (a) The district courts shall  have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
  (b)  citizens of different states; …
Title 18 U.S.C. § 1332(a)

[4] **28 U.S.C. § 1441 – Removal of civil actions**
  (a) Generally. – Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
Title 28 U.S.C. § 1441(a)

[5] **28 U.S.C. § 1446 – Procedure for removal of civil actions**
  (a) Generally. – A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
  (b) Requirements;  generally. – (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial

To endow this court with diversity of citizenship jurisdiction under § 1332, the amount in controversy must exceed the sum of $75,000, exclusive of interest and costs. Although Plaintiffs' Complaint does not specify the amount of damages sought, the Fifth Circuit Court of Appeals has said that a defendant may show that the threshold amount is met by "demonstrating that it is 'facially apparent' that the claims are likely above $75,000…" *Luckett v. Delta Airlines, Inc.* 171 F. 3d 295, 298 (5th Cir. 1999).  Actions for wrongful death will usually satisfy the threshold requirement, even in the absence of reference to a specific amount, provided the types of damages are sufficiently pled.  See *Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 67 (5th Cir. 2010) (citing *De Aguilar v. Boeing Co.,* 11 F. 3d 55, 57 (5th Cir. 1993) ("although the complaint in the instant case did not specify an amount of damages, it is facially apparent that damages sought by the plaintiffs here exceed [the jurisdictional amount]").

Plaintiffs' Complaint alleges, *inter alia,* that they are entitled to the following as damages: net present cash value of Carolyn Crechale's life expectancy; loss of companionship, love and affection of her children; physical, mental and emotional pain and suffering of Carolyn Crechale prior to death; medical and funeral expenses; present value of Carolyn Crechale's right to live out her normal life expectancy; loss of future earnings and services; and present value of her loss of future enjoyment of life. *Complaint*, [doc. no. 1-1 at ¶ 23].  These allegations make it 'facially apparent' that the claims are likely to exceed $75,000.   Plaintiffs have not filed a Response in opposition to Defendants' Motion and, thus, do not dispute that the jurisdictional amount is satisfied.

---

pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has ten been filed in court and is not required to be served on the defendant, whichever period is shorter. . . .
Title 28 U.S.C. § 1446 (a)

Pursuant to these enactments (28 U.S.C. §§ 1332, 1441 and 1446), this court has subject matter jurisdiction over this litigation by way of "diversity of citizenship." This grant of authority obligates this court to apply the substantive law of the State of Mississippi. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64 (1938).

## LEGAL STANDARD

A motion under Rule 12(c)[6] "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Hebert Abstract Co., Inc. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990)). The court evaluates a motion under 12(c) using the same standard as a motion under 12(b)(6).[7]

The central issue here is whether Plaintiffs' Complaint states a valid claim for relief when viewed in the light most favorable to the plaintiff. *Gentilello v. Rege,* 627 F. 3d 540, 543-44 (5th Cir. 2010). See also *Doe v. MySpace Inc.,* 528 F.3d 413, 418 (5th Cir. 2008). Just as with a 12(b)(6) Motion to dismiss, a Complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" to survive a 12(c) motion. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp., v. Twombly,* 550 U.S. 544, 570 (2007)).

---

[6] See footnote 1.

[7] **12(b) How to Present Defenses.** Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
   (1) lack of subject matter jurisdiction;
   (2) lack of personal jurisdiction;
   (3) improper venue;
   (4) insufficient process;
   (5) insufficient service of process;
   **(6) failure to state a claim upon which relief can be granted.**
Fed.R.Civ.P. 12(b) (emphasis added).

Neither threadbare recitals of the elements of a cause of action, nor mere labels and conclusions will suffice. *Twombly* at 555, 557.

## DISCUSSION

As earlier stated, because the jurisdiction of this court is based on diversity of citizenship, the substantive law of the State of Mississippi applies. *James v. State Farm Mut. Auto. Ins. Co.*, 743 F.3d 65, 69 (5th Cir. 2014) (citing *Erie R.R. Co. v. Tompkins,* 304 U.S. 64 (1938)). *See also Boyett v. Redland Ins. Co.*, 741 F.3d 604, 607 (5th Cir. 2014) ("when subject matter jurisdiction is based on diversity, federal courts apply the substantive law of the forum state"). Notice that this jurisprudence speaks to "substantive law"; procedural matters may be differently treated. *Gasperini v. Center for Humanities, Inc.* 518 U.S. 415, 416 (1996) ("federal courts sitting in diversity apply state substantive law and federal procedural law"); *National Liability & Fire Ins. Co. v. R & R Marine, Inc.,* 756 F. 3d 825, 834 (5th Cir. 2014); *Exxon Corp. v. Burglin,* 42 F.3d 948, 950 (5th Cir. 1995).

### Non- respondeat Superior Claims Against Carroll Fulmer

Defendants first seek judgment on the pleadings as to claims against Carroll Fulmer, the employer of Brooks, for any independent negligence. Against Carroll Fulmer, Plaintiffs' Complaint alleges negligent supervision, negligent entrustment, and negligent hiring, among other things. Carroll Fulmer has admitted its vicarious liability for any simple negligence on the part of its driver, Brooks, in connection with this accident. Therefore, say Defendants, Plaintiffs' claims of negligent supervision, negligent entrustment, negligent hiring and any other independent, non-respondeat superior claims against Carroll Fulmer should be dismissed and with prejudice.

Let's juridically explore this contention.  Case law is on point: where an employer concedes liability under vicarious liability and respondeat superior, the Mississippi Court of Appeals and our federal district courts, interpreting Mississippi law, have concluded that a defendant is entitled to dismissal of the claims for negligent entrustment, negligent hiring, failure to train, negligent supervision and negligent retention.  See *Carothers v. City of Water Valley*, 242 So. 3d 138, 144–45 (Miss. App. 2017), *cert. denied*, 246 So. 3d 67 (Miss. 2018) (citing *Davis v. ROCOR Int'l*, 3:00-cv-864, 2001 U.S. Dist. LEXIS 26216, at *17–25 (S.D. Miss. Dec. 19, 2001)); *Gaddis v. Hegler*, No. 3:10-cv-249-CWR-LRA, 2011 WL 2111801, at *3 (S.D. Miss. May 26, 2011); *Welch v, Loftus*, 776 F. Supp. 2d 222 (S.D. Miss. 2011).

Finding a paucity of caselaw on this issue in the state courts, the Mississippi Court of Appeals, in *Carothers v. City of Water Valley,* 242 So. 3d 138, 144 (Miss. Ct. App. 2017)*,* adopted the reasoning of the United States District Court for the Southern District of Mississippi in  *Davis v. ROCOR Int'l,* 3:00-cv-864, 2001 U.S. Dist. LEXIS 26216, at *17–25 (S.D. Miss. Dec. 19, 2001).  The district court, in *ROCOR Int'l,* found that the plaintiff's direct liability claims against ROCOR merged with the claims against the employee, and since the employer had conceded that it had vicarious liability, there was no basis for allowing the plaintiffs to proceed on the direct-liability claims. *Id;* see also *Pennington v. UPS Ground Freight, Inc.*, No. 3:16-cv-00248-NBB-JMV, 2018 U.S. Dist. LEXIS 23073, at *4 (N.D. Miss. Feb. 12, 2018) (plaintiffs' direct liability claims against UPS failed as a matter of law where UPS admitted that it was vicariously liable for driver's negligence, if any).

Here is what the *ROCOR Int'l* district court said: this court could not find any Mississippi caselaw that would  "allow  a plaintiff to recover damages on claims of negligent hiring, training, retention, [or entrustment] in addition to those that resulted because of the negligent acts of an

6

employee." *Id.* at *23.  The court reasoned that,  "allowing a plaintiff to maintain a negligent entrustment claim in a case [where] vicarious liability is admitted is unduly prejudicial to the defendant as 'permitting proof of previous misconduct of the employee would only serve to inflame the [factfinder].' " *Davis v. ROCOR Int'l,* at *20.

In the case sub judice, Defendants have conceded the vicarious liability of Carroll Fulmer for any simple negligence of Brooks as to the accident in question.  This court then, agrees with Defendants that Plaintiffs' claims of negligent supervision, negligent entrustment,  negligent hiring and any other independent, non-respondeat superior claims against Carroll Fulmer, must be dismissed.

## Punitive Damages

Plaintiffs' Complaint also asks for punitive damages against Brooks and Carroll Fulmer. Defendants, in response, ask this court to dismiss the claim for punitive damages because Plaintiffs  have not alleged any facts to support punitive damages against either defendant.

Again, Defendants have a point. To recover punitive damages under Mississippi law, the claimant must prove by clear and convincing evidence that the defendant "acted with actual malice, gross negligence which evidences a willful wanton or reckless disregard for the safety of others, or committed actual fraud." Miss. Code Ann. §11-1-65(1)(a).

Notice the exacting proof standard: "clear and convincing evidence." The definition of this standard under Mississippi law can be readily located.  In *Mississippi Commission on Judicial Performance v. Carver,* 107 So. 3d 964 (2013) and its relatives, the Mississippi Supreme Court said this about the standard:  "[c]lear and convincing evidence is "so clear, direct, weighty and convincing as to enable the trier of fact to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case." *Id.* at 969-70*;* See also *Mississippi*

*Commission on Judicial Performance v. Shoemake,* 191 So.3d 1211 (Miss. 2016); *Koestler v. Koestler,* 976 So.2d 372, 381 (Miss. Ct. App. 2008); *Moran v. Fairley,* 919 So.2d 969, 975(¶ 24) (Miss.Ct.App.2005) (quoting *Travelhost, Inc. v. Blandford,* 68 F.3d 958, 960 (5th Cir.1995)).

Punitive damages, predictably, are considered an extraordinary remedy and are not generally favored in Mississippi jurisprudence. *Derr Plantation, Inc. v. Swarek,* 14 So.3d 711, 718 (Miss. 2009) (citing *Bradfield v. Schwartz*, 936 So.2d 931, 936 (Miss. 2006)). Such damages, you see, should be reserved only for the most egregious cases. *Paracelsus Health Care Corp. v. Willard,* 754 So. 2d 437, 442 (Miss. 1999).

So, what extraordinary, egregious facts does Plaintiffs' Complaint allege?

Plaintiffs' Complaint asserts the following description of Brooks' accident behavior:

> At all relevant times, Defendant Brooks was traveling at a speed that was unsafe for the conditions and/or for the roadway in question. Defendant Brooks was driving recklessly and carelessly as he failed to apply his brakes in a reasonable manner. As a result of said negligence, Defendant Brooks failed to bring his vehicle under control before crashing into the rear of Carolyn Crechale's vehicle.

*Complaint*. [doc. no. 1-1 at ¶12]

Plaintiffs' Complaint also asserts that Brooks owed the following duties to Carolyn Crechale, and that he breached these duties:

> A. To exercise reasonable, ordinary care of his commercial carrier;
> B. To exercise the same care that a reasonably prudent person would under like circumstances;
> C. To exercise reasonable, ordinary care to keep a proper lookout for other vehicles;
> D. To bring the vehicle under control with sufficient distance for him to do so before colliding with another vehicle;
> E. To not be inattentive;
> F. To apply reasonable braking methods;
> G. To maintain control of his vehicle;
> H. To maintain his lane of traffic;
> I. To maintain a proper lookout in the direction he was traveling;

  J. To abide by and follow all Federal Motor Carrier Safety Regulations;
  K. To maintain the truck and trailer in compliance with all State and Federal Motor Carrier Safety Regulations;
  L. To comply with all Commercial Vehicle requirements consistent with Mississippi Department of Transportation, as well as all state and federal laws;
  M. To use proper space management techniques as required by the Federal Motor Carrier Safety Regulations;
  N. To use proper speed management techniques as required by the Federal Motor Carrier Safety Regulations;
  O. To use proper hazard perception techniques as required by the Federal Motor Carrier Safety Regulations;
  P. To equip the commercial carrier with proper safety equipment that could have prevented or lessened the impact of said collision; and
  Q. To follow the Rules of the Road; and
  R. Other acts of negligence that will be shown at trial.

*Id.* at ¶14.

  As seen, the Complaint does not allege any facts against Brooks, the driver, which, if proven, would amount to more than simple negligence. Plaintiff does not allege any heightened misconduct on Brooks' part beyond the typical negligence allegations associated with an automobile accident. These allegations cannot support a claim for punitive damages against Brooks. See e.g., *Choctaw Maid Farms v. Hailey*, 822 So.2d 911, 924 (Miss. 2002); *Poe, v. Ash Haulers, Inc.*, No. 1:10CV234-SA-JAD, 2011 U.S. Dist. LEXIS 75388, at *13-14 (N.D. Miss. July 12, 2011) (granting summary judgment on plaintiffs' claim for punitive damages because defendant's conduct amounted "only to alleged simple negligence in failing to exercise due care in the operation of a vehicle); *Aldridge v. Johnson,* 318 So.2d 870, 871-73 (Miss. 1975).

  This court already has ruled that Carroll Fulmer is only subject to vicarious liability for Brooks' actions; therefore, it cannot be liable for punitive damages. *Buckalew v. Schneider Nat'l Carriers, Inc.,* No. 3:13-cv-189 LG-JCG, 2014 U.S. Dist. LEXIS 115186, at *7 (S.D. Miss. Aug. 19, 2014) (a punitive damages claim cannot be based on vicarious liability); *Francois v.*

*Colonial Freight Sys.*, No. 3:06-cv-434-WHB-LRA, 2007 WL 4459073 at *4 (S.D. Miss. Dec. 14, 2007) ("an employer cannot be liable for punitive damages on the basis of vicarious liability").

As illuminated by the above discussion, punitive damages, by law, have no footing here, against either the driver (Brooks), or his employer (Carroll Fulmer) on the facts herein.  This ruling must not be seen as a diminishment of the pain generated by the Plaintiffs' loss of Carolyn Crechale, or of her loss to society; this ruling speaks only to a standard governing an award for these special damages, a standard which has been part of Mississippi law for over fifty years.  In the 1962 case of *Fowler Butane Gas Co. v. Varner*, 141 So.2d 226 (1962), the Mississippi Supreme Court said:  "In order to warrant the recovery of punitive damages, there must enter into the injury some element of aggression or some coloring of insult, malice or gross negligence, evincing ruthless disregard for the rights of others, so as to take the case out of the ordinary rule. *Id.,* at 233.

Therefore, this court must grant Defendants' Motion for Judgment on the Pleadings as to Punitive Damages.  Plaintiffs' claims for such must be dismissed with prejudice.

## CONCLUSION

For all the reasons stated herein, Defendants' Motion for Judgment on the Pleadings as to Claims of Independent Negligence and Claim for Punitive Damages  **[doc. no. 39] is granted.** Plaintiffs' claims of negligent supervision, negligent entrustment, negligent hiring and any other independent, non-respondeat superior claims against Carroll Fulmer Logistics Corporation are dismissed with prejudice. Plaintiff's claim for punitive damages against both Defendants is dismissed with prejudice.  Plaintiffs' remaining claims for negligence against Brooks and for

vicarious liability on the part of Carroll Fulmer Logistics Corporation are unaffected by this ruling.

      SO ORDERED AND ADJUDGED, this the 21st day of August, 2020.

                                                s/ HENRY T. WINGATE
                                                UNITED STATES DISTRICT JUDGE