IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PHILLIP CRECHALE ET AL                                            PLAINTIFFS

VS.                                                CIVIL ACTION NO. 3:19-CV-617

CARROLL FULMER LOGISTICS CORP.,                                   DEFENDANTS
ET AL

**ORDER ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
AS TO PLAINTIFFS' CLAIM FOR CONSCIOUS PAIN AND SUFFERING**

Before this court is Defendants' Motion For Partial Summary Judgment As To Plaintiff's Claim For Conscious Pain and Suffering of Carolyn Crechale [doc. no. 125]. Defendants herein are Carroll Fulmer Logistics Corporation (hereafter "Carroll Fulmer") and David L. Brooks (hereafter "Brooks"). Brooks is an employee or agent of Carroll Fulmer, and was the driver of the tractor-trailer which struck the rear of Carolyn Crechale's automobile.

This is a wrongful death lawsuit founded on the death of Carolyn Crechale who, on August 26, 2019, was killed in a vehicular collision on north bound Interstate 55, while she was sitting stopped in her car in her lane. Just earlier she had been involved in a vehicular mishap with Tyler Hunter ("Hunter") and, supposedly, she was sitting there awaiting the police to arrive for that matter. Then, an 18-wheeler driven by defendant herein, David Brooks, seemingly and supposedly distracted, failed to notice Carolyn Crechale's stopped car, crashed into her vehicle, rear-ending her vehicle while, supposedly, he was exceeding the posted speed limit of 60 miles per hour.

1

On August 27, 2019, plaintiffs, as wrongful death beneficiaries,[1] filed this lawsuit in the state court of Mississippi.  Defendants removed this case to this federal court on August 29, 2019.  Included among the requested damages is that of recovery for  "the physical, mental and emotional pain and suffering experienced by Carolyn Crechale prior to her death". *Complaint* [doc. no. 1-1 p. 7].  Defendants challenge plaintiffs' entitlement to such damages, contending that Carolyn Crechale was rendered unconscious immediately upon impact and, therefore, suffered no physical mental or emotional pain and suffering.

This court's jurisdictional grant is diversity of citizenship, as authorized by 28 U.S.C. § 1332[2].  Plaintiffs are all citizens of the State of Mississippi.  Defendants are citizens of the State of Florida.  The amount in controversy is deemed to exceed the sum of $75,000 exclusive of costs and interest.[3]  Accordingly, the dictates of §1332 are met and this court possesses subject matter jurisdiction.

---

[1] Phillip Crechale, a son of the deceased, filed this lawsuit in the Circuit Court of Rankin County Mississippi, on August 27, 2019.  After removal to this federal court, Kenneth John Crechale and Michael Crechale, also sons of Carolyn Crechale, intervened as Plaintiffs. *Agreed Order granting Motion to Intervene*, [doc. no. 10].

[2] **28 U.S.C. § 1332.  Diversity of citizenship; amount in controversy; costs**
  (a) The district courts shall  have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
  (b)  citizens of different states; …
Title 18 U.S.C. § 1332(a)

[3] Although Plaintiffs here do not specify the amount of damages sought, actions for wrongful death are usually deemed to satisfy the $75,000 threshold requirement under §1332, provided the types of damages are sufficiently pled.  See *Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 67 (5th Cir. 2010) (citing *De Aguilar v. Boeing Co.,* 11 F. 3d 55, 57 (5th Cir. 1993).  It is "facially apparent"  that the claims in the instant case are likely above $75,000.  See *Luckett v. Delta Airlines, Inc.* 171 F. 3d 295, 298 (5th Cir. 1999).

Inasmuch as diversity jurisdiction embraces this lawsuit, this court must apply the substantive law of Mississippi.  *Erie R.R. Co. v. Tompkins,* 304 U.S. 64 (1938). See *Capital City Ins. Co. v. Hurst*, 632 F.3d 898, 902 (5th Cir. 2011).

The question here is whether defendants are entitled to partial summary judgment on plaintiffs' claim for the physical, mental and emotional pain and suffering of Carolyn Crechale. The summary judgment standard is not disputed here.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Moreover, a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

Once a movant who does not have the burden of proof at trial makes a properly supported summary judgment motion, the burden shifts to the nonmovant to show that summary judgment should not be granted.  *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 321-25 (1986).  "A party opposing such a summary judgment motion may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255–57 (1986).  If a party fails to prove an essential element of his claim on which he bears the burden of proof at trial, summary judgment must be granted. *Celotex Corp. v. Catrett*, 477 U.S. at 322.

"Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific

3

facts showing a genuine issue for trial." *TIG Ins. Co. v. James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

Also not disputed here is Mississippi's jurisprudence on pain and suffering of the decedent.  The decedent's pain and suffering between the time of injury and the time of death is an element of damages. *Chipley v. Brownlow*, No. 3:16CV901TSL-RHW, 2018 U.S. Dist. LEXIS 241451, at *4 (S.D. Miss. Dec. 17, 2018) (quoting *McGowan v. Estate of Wright*, 524 So. 2d 308, 311 (Miss. 1988)).  The plaintiff, though, has the burden of proving "survival *and* consciousness" after the accident*.  M & M Pipe & Pressure Vessel Fabricators, Inc. v. Roberts*, 531 So. 2d 615, 621 (Miss. 1988) (emphasis added) (citing *Avery v. Collins,* 171 Miss. 636, 647, 157 So. 695, 698 (1934)).  Proof of consciousness after the impact must also be substantial*.  Id.* (quoting *Standard Oil Co. v. Crane*, 199 Miss. 69, 82, 23 So. 2d 297, 300 (1945)); see also *Bridges v. Enter. Prods. Co.,* No. 3:05cv786-WHB-LRA, 2007 U.S. Dist. LEXIS 8593, at *15 (S.D. Miss. Feb. 5, 2007) ("The Mississippi Supreme Court has long held that 'the plaintiff bears the burden to prove, by substantial evidence, that a decedent who is the subject of a wrongful death action survived and was conscious after the accident which resulted in the decedent's demise in order to recover damages for pain and suffering.'" ) (quoting *U.S. Fid. & Guar. Co. v. Estate of Francis*, 825 So. 2d 38, 48 (Miss. 2002)).

The undisputed facts here provide undeniable support for defendants' motion for partial summary judgment:

1) Hunter, the person who had been involved in the earlier accident with Carolyn Crechale, was the first to arrive at her vehicle. He said she was not conscious at any time when he observed her after the accident.  According to Hunter, she never moved, never responded to him, and there was no indication that she was aware of anything around her. *Hunter Deposition Excerpts* [doc. no.125-1].

2) Cris Bourn had been riding in the car with Kevin Brown and witnessed the accident.  He went over to Carolyn Crechale's vehicle to check on her.  Bourn said that Carolyn Crechale was not

responsive, had no pulse, did not appear to be breathing, and made no sounds. Her eyes were open, he said, but they were never responsive and did not move. *Bourn Affidavit* [doc. no. 125-2].

3) Scott Graham also stopped to help after the accident. Finding the door jammed, he reached in through the driver side window to check for a pulse. He got no pulse, he said. She never moved or said anything, was unresponsive, made no noise, and appeared to be unconscious the entire time Graham was with her, he stated. *Graham Affidavit* [doc. no. 125-3].

4) The ambulance records pertaining to Carolyn Crechale's treatment also showed her as unconscious. In the "History of Present Illness" section of the records, the chief complaint category is listed as "unconsciousness" with the onset listed as "acute" and the duration of the complaint listed as "15 minutes." Upon arrival, the ambulance personnel listed her level of consciousness as "unresponsive," and noted that her pupils were "non-reactive." *AMR (American Medical Response) records.* [doc. no. 125-4 pp. 5-6].

5) The decedent was in cardiac arrest upon her arrival at the University of Mississippi Medical Center (UMMC), and had lost a pulse. She had been intubated prior to her arrival. Several attempts were made to resuscitate her, but 12:25 p.m. was called as the time of death. *UMMC records* [doc. no. 125-5 p.4, p.7].

Against this evidence, plaintiffs only argue that Carolyn Crechale was still alive after the impact, but expired during her transport to the hospital. Whether she was still alive is not the question. The question is whether she was conscious, and thus able to experience the pain and suffering plaintiffs claim. See *U.S. Fid. & Guar. Co. v. Estate of Francis*, 825 So. 2d 38, 48 (Miss. 2002); *M & M Pipe & Pressure Vessel Fabricators, Inc. v. Roberts*, 531 So. 2d 615, 621 (Miss. 1988). Plaintiffs offer no proof of consciousness.

The facts, then, are undisputed. Plaintiffs have presented no proof that after the collision Carolyn Crechale was conscious, and Defendants are entitled to judgment as a matter of law on Plaintiffs' claim for any pain and suffering of Carolyn Crechale.

Accordingly, this Court must enter an order granting partial summary judgment to Defendants as to Plaintiffs' claim for conscious pain and suffering of Carolyn Crechale and dismiss said claim with prejudice.

SO ORDERED AND ADJUDGED, this the19th  day of  July, 2021.

s/ HENRY T.WINGATE
UNITED STATES DISTRICT JUDGE
