IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PHILLIP CRECHALE ET AL                                              PLAINTIFFS

VS.                                              CIVIL ACTION NO. 3:19CV-617-HTW-LGI

CARROLL FULMER LOGISTICS CORP.,                        DEFENDANTS
ET AL

### ORDER ON DEFENDANTS' MOTIONS TO STRIKE TESTIMONY OF TIM CORBITT AND TYSON BURLESON

Before this court are two motions filed by the Defendants herein, Carroll Fulmer Logistics Corporation (hereafter "Carroll Fulmer") and David L. Brooks (hereafter "Brooks"), to strike certain testimony of Plaintiffs' accident reconstruction experts. Defendants ask this court to strike parts of the testimony of Tim Corbitt (hereafter "Corbitt") **[doc. no. 131]** and Tyson Burleson ("hereafter Burleson") **[doc. no. 133]**.

This lawsuit stems from a motor vehicle accident that occurred on August 26, 2019, in Rankin County, Mississippi, in which Carolyn Crechale, unfortunately, lost her life. Brooks was operating a tractor-trailer for Carroll Fulmer at the time of the accident. Phillip Crechale, Kenneth Crechale and Michael Crechale are the Plaintiffs bringing this lawsuit to recover wrongful death damages against the Defendants on behalf of themselves and other wrongful death beneficiaries.

Defendants removed this case from the Circuit Court of Rankin County, Mississippi (state court) to this federal district court based on diversity of citizenship subject matter

1

jurisdiction. Title 28 U.S.C. § 1332.[1]  All of the Plaintiffs enjoy Mississippi citizenship. Defendant Carroll Fulmer Logistics Corporation is a corporate citizen of the States of Nevada and Florida, while David L. Brooks is a resident citizen of Florida.  Although Plaintiffs here do not specify the amount of damages sought, actions for wrongful death are usually deemed to satisfy the $75,000 threshold requirement under §1332, provided the types of damages are sufficiently pled.  See *Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 67 (5th Cir. 2010) (citing *De Aguilar v. Boeing Co.,* 11 F. 3d 55, 57 (5th Cir. 1993).  It is "facially apparent" that the claims in the instant case are likely above $75,000, exclusive of costs and interest.  See *Luckett v. Delta Airlines, Inc.* 171 F. 3d 295, 298 (5th Cir. 1999).

This court thus has subject matter jurisdiction over this litigation by way of diversity of citizenship.  This grant of authority obligates this court to apply the substantive law of the State of Mississippi. *James v. State Farm Mut. Auto. Ins. Co.*, 743 F.3d 65, 69 (5th Cir. 2014) (citing *Erie R.R. Co. v. Tompkins,* 304 U.S. 64 (1938)). *See also Boyett v. Redland Ins. Co.*, 741 F.3d 604, 607 (5th Cir. 2014) ("when subject matter jurisdiction is based on diversity, federal courts apply the substantive law of the forum state").

DISCUSSION

**Admissibility of Expert Testimony**

The United States Supreme Court case of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), is a landmark holding for determining the admissibility of expert testimony

---

[1] **28 U.S.C. § 1332.  Diversity of citizenship; amount in controversy; costs**
   (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
   (b) citizens of different states; …
Title 18 U.S.C. § 1332(a)

under Rule 702[2] of the Federal Rules of Evidence. *Daubert* established that "expert testimony is admissible only if it is both relevant and reliable." *Id*. at 589.

This court, in *KLLM Transp. Servs., LLC v. JBS Carriers, Inc.,* expounded on the meaning of relevant and reliable. "To be relevant, the proffered testimony must be of help to the trier of fact to understand the evidence or to determine the fact issue." *KLLM Transp. Servs., LLC v. JBS Carriers, Inc.,* No. 3:12-CV-116-HTW-LRA, 2015 U.S. Dist. LEXIS 191835, at *12 (S.D. Miss. Aug. 17, 2015). "To be deemed reliable, the testimony, as mandated by Rule 702, must be (1) based on sufficient facts or data; (2) the product of reliable principles and methodology; and (3) reliably applied to the facts of the case." *Id.*

The reliability prong "applies to all aspects of an expert's testimony: the methodology, the facts underlying the expert's opinion, the link between the facts and the conclusion, et alia." *Walker v. Target Corp.,* No. 2:16-CV-42-KS-MTP, 2017 U.S. Dist. LEXIS 91325, at *3-4 (S.D. Miss. June 14, 2017) (quoting *Seaman v. Seacor Marine LLC,* 326 F. App'x 721, 725 (5th Cir. 2009)).

## Expert Testimony of Tim Corbitt

This court first looks at Defendants' motion to strike the testimony of Tim Corbitt ("Corbitt"). Corbitt is the expert accident reconstruction specialist designated by Plaintiff Phillip

---

[2] Rule 702 provides:
A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of the case.
Fed. R. Evid. 702.

Crechale.[3]  Phillip Crechale's expert designation states, "Mr. Corbitt is expected to testify about "how he reconstructed the subject incident, how the incident occurred, the results of his reconstruction of the scene and incident, the speed, location and movement of the vehicle prior to and after impact, the cause of the collision, the scene itself, and the fault, if any, of the parties." *Phillip Crechale's Expert Designation*. [doc. no. 131-1 p.1].

> Defendants object to the following testimony which is set forth in Corbitt's report:
>
> Mr. Brooks failed to maintain a proper lookout and properly recognize the Crechale-Cadillac is stopped ahead with the emergency flashers turned on. Mr. Brooks failed to maintain proper control of his vehicle and either change lanes and avoid the collision like other drivers had done, or to stop his vehicle and avoid the collision.

Corbitt's Report [doc. no. 131-2 p.9].

Defendants make two main arguments against the admissibility of the above testimony. First, say defendants, Corbitt's testimony offers legal conclusions that seek to invade the fact-finding role of the jury.

Accident reconstruction experts are permitted to give their opinions on "how an accident happened, the point of impact, the angle of travel, the responsibility of the parties involved or the interpretation of photographs." See, *Hollingsworth v. Bovaird Supply Company*, 465 So. 2d 311 at 314 (Miss. 1985).  Allowing an accident reconstruction expert to give his opinion on how an accident occurred, the *Hollingsworth* Court continued,  does not invade the province of the fact-finder, since the expert's qualification and the basis of his conclusions will always be subject to cross-examination. The jury may accept or reject the testimony, just as they might any other.  *Id.,* at 315.

Defendants cannot show that Corbitt's expert testimony offers any conclusions that seek to invade the fact-finding role of the jury.  Unlike an ordinary witness,  an expert is permitted

---

[3] Plaintiff  Phillip Crechale, joined by Michael Crechale, has designated Tim Corbitt as his accident reconstruction expert. Kenneth Crechale has designated Tyson Burleson as his accident reconstruction expert.

wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation, *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. at 592, and "[a]n opinion is not objectionable just because  it embraces an ultimate issue ." Fed. R. Evid. 704(a).  This argument by Defendants is unavailing.

Secondly, Defendants claim that Corbitt's conclusions will not help the jury to understand the evidence or to determine the facts in issue.  The jury may simply rely on the evidence itself, say Defendants, and Corbitt's testimony would be unhelpful and unnecessary.

This court disagrees. Federal Rules of Evidence, Rule 702 provides that if specialized knowledge will assist the trier of fact in understanding the evidence, a witness qualified as an expert may testify thereto in the form of an opinion or otherwise. Fed. R. Evid. 702.  In the instant case, Defendants do not object to Corbitt's qualifications as an expert witness, so the only remaining issue is whether the testimony would be helpful to the triers of fact.

In *Denham v. Holmes ex rel. Holmes*, The Mississippi Court of Appeals said the testimony from the expert accident reconstructionist was necessary in that case to assist the jury in understanding the information at hand and in making a proper determination.  *Denham v. Holmes ex rel. Holmes*, 60 So.3d 803 (Miss. Ct. App. 2010).  In the instant case, expert testimony can help the jury to understand, among other things, stopping distance, speed calculations, the incident report, sight lines, and what is involved in the operation of a commercial vehicle of the type and size involved in this accident.

Defendants are only objecting here to one statement made by Corbitt, a statement which places responsibility for causing the accident on Defendant Brooks.  The cause of a collision is among the matters about which accident reconstructionists generally provide testimony.  This court is not persuaded that the statement should be excluded.

**Expert Testimony of Tyson Burleson**

This court next examines Defendants' motion to strike the testimony of Tyson Burleson ("Burleson"), who has been designated as an accident reconstruction expert by Plaintiff Kenneth Crechale.  Burleson is expected to testify as to the cause of the collision, the fault of the parties and any contributing causes, as well as violations of rules of the road, state statutes, and Federal Motor Carrier Regulations.  Defendants ask this court to exclude significant portions of Burleson's testimony offered in his report on the grounds that these statements fail to meet the standard for admissibility under Rule 702of the Federal Rules of Evidence, and the case law thereunder.

Defendants make three main arguments for excluding this testimony, which this court will discuss in turn.

First, Defendants claim Burleson's testimony consists of numerous impermissible legal conclusions.  Burleson's testimony, they say, contains legal conclusions that seek to invade the fundamental fact-finding role of the jury. Defendants then list thirteen items that they claim are impermissible legal conclusions about which Burleson should be precluded from testifying. These Defendants seemingly attempt to preclude virtually all of Burleson's testimony.

The challenged statements concern the causes of the wreck.  According to Burleson, the collision was caused by Brooks' failure to maintain proper speed, proper lookout, and proper distance from other vehicles, by Brooks being distracted, and his wearing of unnecessary glasses which hampered his vision.  Burleson also opined that Brooks' actions constituted careless driving and reckless driving in violation of Mississippi statutes and that the wreck was "easily avoidable" and was "preventable" under the guidelines of the American Trucking Association. Burleson also states that Carolyn Crechale bore no fault for the accident.  Burleson also includes

in his opinions that Crechale had a right to remain stopped in the road after an accident with another car until she could safely move the vehicle.

Plaintiffs agree to withdraw Burleson's opinion that Carroll Fulmer was vicariously liable for Brooks' actions, since Carroll Fulmer has stipulated to its vicarious liability for any negligence of its driver and this court has made this a part of its ruling in its "Order On Motion For Judgment On The Pleadings " [doc. no .80].

By attempting to exclude Burleson's testimony concerning the causes of the accident, or the fault of Defendant Brooks, these Defendants are attempting to prevent this expert from testifying as to matters that squarely fall within the scope and purview of accident reconstruction. Accident reconstruction experts, as earlier stated, are permitted to give their opinions on, *inter alia*, how an accident happened, and the responsibility of the parties involved. See *Hollingsworth v. Bovaird Supply Company*, 465 So. 2d 311 at 314 (Miss. 1985).  Such conclusions do not invade the province of the factfinder.

The second argument Defendants make is that the challenged statements by Burleson will not help the trier of fact to understand the evidence or to determine the facts in issue.  Defendants list nine opinions from Burleson's report that they contend should be excluded on this basis. These opinions deal with Brooks not maintaining proper speed, proper lookout, or proper distance from other vehicles, and being distracted.  Burleson also opines that Brooks could have easily avoided the accident and that Carolyn Crechale had no fault for the accident.

Brooks and Carroll Fulmer do not accept that Brooks' actions were responsible for the accident. Yet Brooks, in his deposition testimony did not state that Crechale was responsible; nor did he explain what actions of the parties caused the wreck.  Expert testimony will be useful in explaining to the jury why and how the accident occurred.  As previously discussed, such matters as stopping distances and  speed calculations may be the subjects of expert testimony on accident

7

reconstruction. It will be useful, Plaintiffs say, to have expert testimony regarding such issues as perception and reaction time and documentation of the use of a GPS system -- matters not within the purview of the average person. See *Denham v. Holmes ex rel. Holmes*, 60 So.3d 803 (Miss. Ct. App.2010).

In *Denham,* the Mississippi Court of Appeals said, testimony from the expert accident reconstructionist in that case was necessary to assist the jury in understanding the information at hand and in making a proper determination. *Id.* In the case *sub judice*, where Defendants are denying liability and causation, it would be beneficial for Burleson to testify as to how the wreck occurred, why it occurred and what conditions would have prevented the wreck.

Additionally, as the Mississippi Supreme Court stated in *Thompson v. Holliman*, "accident reconstruction cases are recognized as a type of subject matter in which expert opinion would be of assistance to the trier of fact." *Thompson v. Holliman*, 283 So.3d 718, (Miss. 2019) (quoting *Miller by Miller v. Stiglet, Inc.,* 523 So. 2d 55, 60 (Miss. 1988).

With the exception of the opinion regarding the vicarious liability of Carroll Fulmer, which this court excludes, the matters complained of would be useful to the trier of fact and are not excluded.

The third basis for Defendants' objections to Burleson's testimony is that it is not based on sufficient facts or data. The opinions stated by this expert are supported by the evidence in the case. Brooks acknowledged that he was travelling above the legal speed limit of 60 miles per hour. The dash camera on the truck recorded the events, which showed, among other things, that Crechale had her emergency flashers on. In his deposition testimony, Brooks said he did not maintain proper distance between his tractor and Crechale's car and that prior to impact Crechale was in his [Brooks'] lane and in front of his truck. Brooks acknowledged that he did not realize Crechale's car was stopped in the road, even stating that had he known her car was not moving, he could have avoided

the wreck. He also testified that he no longer needs prescription glasses after having had eye surgery, but that he was wearing prescription glasses at the time of the collision because he had not had time to get the restriction removed from his driver's license. Brooks further stated that he lifts his glasses up to see his GPS in the tractor, and that he had shifted his vision from the road to look at his GPS system for a couple of seconds just before the accident.

It can be seen, then, that the anticipated testimony of this expert is based on sufficient facts or data, the product of reliable principles and methodology and is reliably applied to the facts of the case.

## CONCLUSION

This court has determined that (with the exception of the statement as to the vicarious liability of Carroll Fulmer) the proffered testimony of these experts meets the criteria for admission of expert testimony under Rule 702 of the Rules of Evidence. The testimony would be of help to the trier of fact to understand the evidence or to determine the fact issue, and it is relevant and reliable under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 589 (1993).

Defendants' motions do not challenge the qualifications of Corbitt or Burleson as experts. They question only the opinions about which they are expected to testify. For all of the reasons stated herein, this court **denies** Defendants' Motions **[doc. no. 131]** and **[doc. no. 133]** to strike the testimony of Tim Corbitt and Tyson Burleson. At the trial of this lawsuit this court will allow the Defendants to reassert some of their objections, after the testimony of fact witnesses.

SO ORDERED AND ADJUDGED, this the 6th day of August, 2021.

s/ HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE