IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PHILLIP CRECHALE ET AL                                                                PLAINTIFFS

VS.                                                               CIVIL ACTION NO. 3:19-CV-617 HTW-LGI

CARROLL FULMER LOGISTICS CORP., ET AL                                        DEFENDANTS

### ORDER ON PLAINTIFFS' CLAIM FOR LOSS OF HOUSEHOLD SERVICES AND ON STRIKING THE TESTIMONY OF GEORGE CARTER

Before this court is Defendants' "Motion For Partial Summary Judgment As To Plaintiff's Claim For Loss of Household Services" [doc. no. 127] and Defendants' "Motion to Strike the Testimony of Dr. George Carter", Plaintiffs' economics expert.  Defendant David L. Brooks is an employee or agent of Defendant Carroll Fulmer Logistics Corp., and was the driver of the tractor-trailer which struck the rear of Carolyn Crechale's automobile. Sadly, Crechale succumbed to her injuries sustained in the crash. The facts of this case have been detailed in several earlier Orders and will not be repeated in detail here.

Defendants say that Plaintiffs are seeking to recover for loss of household services as a separate category of wrongful death damages. Defendants base this on the statements of Dr. George H. Carter, who would be expected to testify that but for her death, Carolyn Crechale would have maintained a household for herself for her life expectancy, and to testify as to a dollar amount for the economic loss incurred by Carolyn Crechale as a result of her death. *Defendants' Memorandum Brief* [doc. no. 128 p. 2].

The Mississippi Supreme Court has limited damages in a wrongful death action to the following: "(1) the present net cash value of the life expectancy of the deceased, (2) the loss of

1

the companionship and society of the decedent, (3) the pain and suffering of the decedent between the time of injury and death, and (4) punitive damages." *Laney v. Vance*, 112 So. 3d 1079, 1081 (Miss. 2013) (quoting *McGowan v. Estate of Wright*, 524 So. 2d 308, 311 (Miss. 1988)).  As a form of economic loss, the only category of damages under which household services might fall is that of the present net cash value of Carolyn Crechale's life expectancy.  Plaintiffs, however, have dismissed their claim for present net cash value.  See *Stipulation* [doc. no. 83]. Therefore, it is not necessary to discuss this category of damages.

Additionally, Plaintiffs did not file any response in opposition to Defendants' motion, and thus have abandoned this claim.  See *Rush-McDonald v. Delta Reg'l Med. Ctr.*, No. 4:15-CV-97-DMB-DAS, 2017 WL 758501, at *7 (N.D. Miss. Feb. 27, 2017);  *Nichols v. Enterasys Networks, Inc.,* 495 F.3d 185, 190 (5th Cir.2007). (inadequately briefed issues are considered waived).

Since Plaintiffs here have dismissed their claim for present net cash value, the testimony of Dr. George H. Carter would be unnecessary and not relevant.  Plaintiffs also did not respond to Defendants' motion to strike Carter's testimony; therefore, Plaintiffs have conceded this issue.  *Nichols v. Enterasys Networks, Inc.,* 495 F.3d 185 at 190.

For all of the reasons stated herein, this court **grants** Defendants' Motion **[doc. no. 127]** for partial summary judgment as to Plaintiff's Claim for loss of household services and **grants** Defendants' Motion **[doc. no.135]** to strike the testimony of Dr. George H. Carter.

SO ORDERED AND ADJUDGED, this the 6th day of August, 2021.

s/ HENRY T. WINGATE  
UNITED STATES DISTRICT JUDGE