IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PHILLIP CRECHALE ET AL                                                                                    PLAINTIFFS

VS.                                                                             CIVIL ACTION NO. 3:19-CV-617 HTW-LGI

CARROLL FULMER LOGISTICS CORP., ET AL                                                       DEFENDANTS

## ORDER ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO NEGLIGENCE *PER SE*

Before this court is a motion for partial summary judgment filed by the Defendants herein, Carroll Fulmer Logistics Corporation (hereafter "Carroll Fulmer") and David L. Brooks (hereafter "Brooks") **[doc. no. 129]**.  Defendants' motion asks this court to grant to them partial summary judgment in their favor as to " negligence *per se"* of the decedent's conduct herein at the time of the vehicular collision which is the subject of this lawsuit.  Defendants also request that this Court grant their proposed jury instruction at trial providing that the decedent, Carolyn Crechale, was negligent *per se* at the time of the subject accident.

This lawsuit stems from a motor vehicular accident that occurred on August 26, 2019, in Rankin County, Mississippi.  Carolyn Crechale, unfortunately, lost her life in that accident.  Her heirs-at-law have pursued this lawsuit. Defendant Brooks, an employee or agent of Defendant Carroll Fulmer, was the driver of the tractor-trailer which struck the rear of the automobile in which Carolyn Crechale was situated. The facts of this case have been described in several earlier orders and will not be repeated in detail here.

This court has subject matter jurisdiction over this litigation by way of  diversity of citizenship under Title 28 U.S.C. § 1332. [1]  This grant of jurisdictional authority obligates this

---

[1] **28 U.S.C. § 1332.  Diversity of citizenship; amount in controversy; costs**
   (a) The district courts shall  have original jurisdiction of all civil actions where the matter in controversy
      exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –

1

court to apply the *substantive law of the State of Mississippi.  Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *James v. State Farm Mut. Auto. Ins. Co.*, 743 F.3d 65, 69 (5th Cir. 2014); *Boyett v. Redland Ins. Co.*, 741 F.3d 604, 607 (5th Cir. 2014).

## LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Moreover, a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party*." Id.*

Once a motion for summary judgment is made, the burden shifts to the nonmoving party to show that summary judgment is improper. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 321-25). In doing so, the nonmoving party "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Id.* (citing *Anderson*, 477 U.S. at 255-57). If a party fails to prove an essential element of his claim on which he bears the burden of proof at trial, summary judgment must be granted. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *TIG Ins. Co. v. James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

---

(b)   citizens of different states; …
Title 18 U.S.C. § 1332(a)

DISCUSSION

Carolyn Crechale, the decedent herein, had been involved on August 26, 2019, in an accident with a different vehicle some minutes prior to her automobile being struck from the rear by Defendants' tractor-trailer. At the time her vehicle was struck by Defendants' truck, Crechale's vehicle, a Cadillac automobile, was stopped in a traveled lane of the highway on Interstate 55 in Rankin County, Mississippi.

Under Mississippi law, if the alleged tortfeasor has breached a statute or ordinance, that person may be found liable in tort without the opposing party having to prove a lack of due care. *Simpson v. Boyd,* 880 So.2d 1047, 1052 (Miss. 2004). The opposing party must still show, however, that the violation of the statute or ordinance proximately caused the injury. *Id.*

Defendants contend that Crechale was in violation of section 63-3-903(1) of the Mississippi Code, and was negligent *per se*. Section 63-3-903(1) provides as follows:

> No person shall stop, park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled part of any highway outside of a business or residence district ***when it is practical to stop, park or so leave such vehicle off such part of said highway.***

Miss. Code Ann. § 63-3-903(1) (emphasis added).

At the time she was hit from the rear by Brooks, Crechale was still stopped on the traveled part of the interstate highway. Defendants say Crechale's conduct thus violated the above statute, which makes her negligent *per se*. Defendants say since the person involved in the first accident with Crechale was able to pull off to the side of the road, Crechale, too, should have been able to pull over onto the shoulder of the road. Plaintiffs answer that Crechale did not violate the aforementioned statute. They claim that Crechale was in the road lawfully, and that she was waiting for traffic to clear so she could move her car safely from the road.

Plaintiffs point to the deposition testimony of Crechale's son to support that she was waiting for traffic to clear to be able to move her car.  The decedent's son, Michael Crechale, testified that he was on the phone with his mother at the time she was struck by the 18-wheeler. He stated, "I was asking my mother what her situation was, and she had told me that she was trying to get off the interstate, but the cars wouldn't let her get over and pass because they were coming around her too fast, and she couldn't get over." *Michael Crechale Deposition Excerpts* 47:7-53: [doc. no. 145-3 p.2].

In *Stong v. Freeman Truck Line, Inc.,* the Mississippi Supreme Court examined whether a driver had violated the provisions of §63-3-903(1).  The court there stated, "Our question is whether it was reasonably practical for [the driver] to pull his truck off the main traveled right hand or westerly land of I-55, not whether it was merely possible for him to have done so." *Stong v. Freeman Truck Line, Inc*., 456 So.2d 698, 707-08 (Miss. 1984). In the instant case, the question is not just whether it was possible for the decedent to have moved her car out of the lane of traffic, but whether it was "reasonably practical" for her to do so. The statute provides that no person shall stop his vehicle on the traveled part of the highway "when it is practical" to stop off the highway. *Id.*, at 707 (citing *Whitten v. Land,* 188 So.2d 246, 249 (Miss.1966)).

According to the Mississippi Supreme Court in *Stong*, whether it was practical to move the vehicle from the highway is ordinarily a question of fact to be submitted to the jury. *Id*., at 708. See also  *Maness v. Illinois Central Railroad Company*, 271 So.2d 418, 425–26 (Miss.1972); *Hankins v. Harvey*, 248 Miss. at 656–59, 160 So.2d at 69–71.  The Mississippi Supreme Court continued in *Stong,* "[w]e may take such issues from the jury only where, under our familiar test, the facts are so clear that reasonable minds could not differ. See, e.g., *City of Jackson v. Locklar,* 431 So.2d 475, 478–79 (Miss.1983); *Paymaster Oil Co. v. Mitchell,* 319

4

So.2d 652, 656–57 (Miss.1975); *General Tire and Rubber Co. v. Darnell*, 221 So.2d 104, 105–07 (Miss.1969).See also *Hankins v. Harvey*, 160 So.2d 63, 70–71 (1964) (these phrases in the statute pose a question of fact).

It is undisputed that Crechale's car was stopped on the highway when she was hit by Brooks and that her hazard lights were flashing. Other facts that Defendants claim to be undisputed are actually contested.

In similar situations, the Mississippi Courts have held this issue is a question for the jury. See, *Stong, supra* (a jury question was submitted under the facts related to the issues of Section 63-903(1)); *Aetna Cas. & Sur. Co. v. Condict* 417 F.Supp. 63 (S.D.Miss. 1976) (whether it is reasonably practical for the driver of a truck to move all or part thereof off the traveled portion of the highway onto the shoulders when an accident occurs is a question to be decided by the finder of fact) (citing *Hankins v. Harvey*, 160 So.2d at 70-71); *Meka v. Grant Plumbing & Air Conditioning Co.*, 67 So.3d 18 (Miss. 2003) (whether it is reasonably practical for a driver to pull vehicle off the main traveled part of the highway, for purposes of statute, is ordinarily one of fact to be submitted to a jury).

## CONCLUSION

This court cannot say, as a matter of law, that Carolyn Crechale was in violation of §63-3-903(1).  For all of the reasons stated above, this court must **deny** Defendants' motion for partial summary judgment **[doc. no. 129]** on the question of whether Carolyn Crechale was negligent *per se.*

SO ORDERED AND ADJUDGED, this the13th day of August, 2021.

                                                       s/ HENRY T. WINGATE
                                                      UNITED STATES DISTRICT JUDGE