IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PHILLIP CRECHALE, KENNETH JOHN CRECHALE,
AND MICHAEL CRECHALE, AS PERSONAL
REPRESENTATIVES AND WRONGFUL DEATH
BENEFICIARIES OF CAROLYN CRECHALE
DECEASED, AND ON BEHALF OF OTHER
WRONGFUL DEATH BENEFICIARIES                                    PLAINTIFFS

VS.                                          CIVIL ACTION NO. 3:19-CV-617-HTW-LGI

CARROLL FULMER LOGISTICS CORPORATION,
DAVID L. BROOKS, AND
JOHN AND JANE DOES 1-10                                          DEFENDANTS

## ORDER ON DEFENDANTS' OMNIBUS MOTION IN LIMINE

Before this court is the Defendants' Omnibus Motion in Limine [doc. no. 167]. The Defendants are David L. Brooks ("Brooks) and Carroll Fulmer Logistics Corporation ("Carroll Fulmer"). This lawsuit arises from an automobile accident that occurred on August 26, 2019, in which Carolyn Crechale lost her life. At the time of the accident Defendant David Brooks was operating a tractor-trailer on behalf of Defendant Carroll Fulmer Logistics Corporation.

Defendants ask this court to exclude mention of certain matters from the presence or hearing of the jury. Defendants argue that such matters are not admissible for any proper purpose under the Federal Rules of Evidence. Plaintiffs oppose the Motion. Defendants ask this court to exclude the following eleven (11) matters.

**A. The Court should exclude evidence of or references to liability insurance.**

Granted: Plaintiffs may not attempt to introduce evidence or testimony concerning liability insurance for any purpose. If Plaintiffs wish to introduce such evidence for purposes

1

such as "proving a witness' bias or prejudice or proving agency, ownership or control," [doc. no. 174 p.2], a ruling outside the presence of the jury must first be obtained from this court.

**B. The Court should exclude offers and discussions regarding settlement.**

Granted:  Should Plaintiffs wish to introduce such evidence for such purposes as "proving a witness' bias or prejudice … [o]r negating a contention of undue delay," [doc. no. 174 p.2], a ruling outside the presence of the jury must first be obtained from this court.

**C. The Court should exclude "Golden Rule" arguments.**

Granted:  Both sides agree that "golden rule" arguments should not be made.

**D. The Court should exclude any evidence not previously disclosed in discovery.**

Granted: Undisclosed evidence is excluded.  Such evidence may only be introduced after a ruling from this court outside the presence of the jury.

**E. The Court should exclude references to "personal safety," "community safety," "conscience of the community," "danger to the community," or other similar phrases and topics falling under the reptile theory.**

This court defers its ruling on this matter until the trial of this cause.

**F. The Court should exclude any arguments, testimony, or references regarding any conscious pain and suffering of Carolyn between the time of the subject accident and the time of her death**

These matters have already been excluded pursuant to a previous Order of this court [doc. no. 163].

**G. The Court should exclude any evidence regarding the present net cash value of Carolyn's life expectancy.**

This matter has already been excluded pursuant to Plaintiffs' Stipulation dismissing that claim. [doc. no. 83].

**H. The Court should exclude Brooks' employment records and driving history.**

Granted. Plaintiffs agree not to use Brooks' employment records and driving history and are prohibited from doing same, in light of this court's prior Order dismissing Plaintiffs' claims of negligent supervision, negligent entrustment, negligent hiring and any other independent, non-respondeat superior claims against Carroll Fulmer Logistics Corporation. [doc. no. 80].

**I. The Court should exclude evidence and references regarding American Trucking Association guidelines, Carroll Fulmer policies and procedures, and any other generic safety rules, policies, procedures, and guidelines that do not form the applicable standard of care.**

This court defers its ruling on this matter until the trial of this cause.

**J. The Court should exclude questions calling for legal conclusions as to the standard of care and whether Brooks complied with that standard.**

This court defers its ruling on this matter until the trial of this cause.

**K. The Court should exclude photographs of the vehicles involved in the subject accident.**

This court defers its ruling on this matter until the trial of this cause.

IT IS THEREFORE ORDERED AND ADJUDGED, that Defendants' Omnibus Motion in Limine **[doc. no. 164] is granted in part and deferred in part** until trial.  The motion is granted to the extent that references to liability insurance, settlement discussions, "golden rule" arguments, and Defendant Brooks' employment history or driving record are prohibited. Evidence not disclosed during discovery is also prohibited without a ruling from this court. Evidence regarding any conscious pain and suffering of Carolyn Crechale between the time of the subject accident and the time of her death and evidence regarding the present net cash value of Carolyn's life expectancy are excluded based on this court's previous orders [doc. nos. 83 and 163].  All remaining matters are deferred until trial.

All deferred matters shall not be aired in any form, whether oral or written, from any witness whether on direct or cross examination unless this court has addressed and approved these matters outside the presence of the jury.

SO, ORDERED AND ADJUDGED on this, the 7th day of March, 2022.

                                                                                                    s/HENRY T. WINGATE  
                                                                                   UNITED STATES DISTRICT JUDGE