IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PHILLIP CRECHALE, KENNETH JOHN CRECHALE,
AND MICHAEL CRECHALE, AS PERSONAL
REPRESENTATIVES AND WRONGFUL DEATH
BENEFICIARIES OF CAROLYN CRECHALE
DECEASED, AND ON BEHALF OF OTHER
WRONGFUL DEATH BENEFICIARIES                                    PLAINTIFFS

VS.                                           CIVIL ACTION NO. 3:19-CV-617-HTW-LRA

CARROLL FULMER LOGISTICS CORPORATION,
DAVID L. BROOKS, and JOHN AND JANE DOES 1-10           DEFENDANTS

## ORDER ON PLAINTIFFS' OMNIBUS MOTION IN LIMINE

Before this court is the Plaintiffs' Omnibus Motion in Limine [doc. no. 164]. The Plaintiffs, Phillip Crechale, Kenneth John Crechale and Michael Crechale, are the sons of the decedent, Carolyn Crechale, and bring this action as personal representatives and wrongful death beneficiaries of Carolyn Crechale and on behalf of other wrongful death beneficiaries of Carolyn Crechale. This lawsuit arises from an automobile accident that occurred on August 26, 2019, in which Carolyn Crechale lost her life. At the time of the accident Defendant David Brooks was operating a tractor-trailer on behalf of Defendant Carroll Fulmer Logistics Corporation.

Plaintiffs ask this court to exclude mention of certain matters from the presence or hearing of the jury. Plaintiffs argue that such matters are not admissible for any proper purpose under the Federal Rules of Evidence. Plaintiffs ask this court to exclude the following seven (7) matters.

l. The Defendants herein should be prohibited from submitting evidence, testimony, or comment regarding any prior or ongoing litigation, to include the will

1

contest, or feelings and emotions shared between the Crechale brothers. This court agrees with Plaintiff that the relationship among the brothers is not relevant and has no bearing on the case. The defense is thus prohibited from mentioning any reference to hostility among the brothers themselves. Acrimony among the Plaintiffs has no bearing on damages or on loss of society and companionship. Moreover, fighting with each other over their mother's estate has no bearing on Plaintiffs' motives for bringing this lawsuit; and, even if it did, it would be irrelevant to the issue of damages. This component of Plaintiffs motion in limine is granted. Defendants are entitled to use the testimony and other evidence elicited from the will contest for purposes of impeachment, however, but this court, outside the presence of the jury, must first allow such. See *United States v. Devine,* 934 F.2d 1325, 1344 (5th Cir. 1991).

    2.    Defendants should be prohibited from submitting evidence, testimony, or comment regarding the criminal history of the Plaintiff or any of the Crechale brothers.

Plaintiff contends that such information is irrelevant and highly prejudicial and would engender confusion. As Defendants state in their Response, Plaintiffs seek a blanket prohibition against any evidence regarding any criminal history. This court is unable to make an evidentiary ruling consistent with Rule 609 of the Federal Rules of Evidence, without more information. Therefore, this request is denied at this time, but may be re-urged outside the presence of the jury at the trial of this cause.

    3.    Plaintiffs ask this court to exclude any mention or suggestion that Carolyn Crechale's age or competency — including her ability to operate a motor vehicle - contributed in any way to the wreck. Plaintiffs argue, contrariwise, that there is no evidence that age or competency had any bearing on the wreck and such approach would be inadmissible under Fed. R. Evid. 401, 402 and 403. Defendants say Carolyn Crechale's ability to operate a motor vehicle

goes to the heart of their defense, and that there are medical records concerning a prior stroke and medication she was taking. This court has not been provided with information about how long before the wreck the stroke occurred, or what medication Crechale was taking and how it allegedly affected her; so this court is unable to make a determination on admissibility at this time.

Defendants also argue that disallowing such evidence would prevent Defendants from claiming that Crechale was not operating her vehicle properly at times relevant to the accident.

Since this court is unable to make a determination at this point in time, a ruling on this aspect of the motion in limine must be deferred until trial. The motion may be re-urged at the trial of this cause, and outside the presence of the jury, this court will hear arguments and rule on this issue before any matter touching on this topic can be aired before the jury.

4. Defendants should not mention or offer evidence related to any party's relative wealth or current or past financial condition. Defendants do not oppose the exclusion of the parties' relative wealth [doc. no. 171p. 2]; therefore this part of Plaintiffs motion is granted.

5. All parties and counsel should be prohibited from making the "Golden Rule" argument. Defendants do not oppose exclusion of the Golden Rule argument. [doc. no. 171p. 2]; therefore this aspect of Plaintiffs motion is granted. See Loose v. Offshore Navigation, Inc., 670 F.2d 493, 496 (5th Cir. 1982).

6. Plaintiffs contend that Defendants, witnesses and counsel should not elicit testimony designed to garner sympathy for Defendant David Brooks. Plaintiffs claim such evidence is irrelevant under Rule 401 because it does not have any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Plaintiffs also claim evidence of the impact

3

of the crash on Defendant Brooks should be excluded under Rule 403 since its probative value is outweighed by the danger of unfair prejudice. Defendants, on the other hand, contend they have a right to humanize Brooks. This court wants to hear this matter outside the presence of the jury.

7. The question here is whether Defendants, witnesses and counsel should be prohibited from mentioning, alluding to, or suggesting that Crechale's prescription medication or medical conditions contributed in any way to the crash. Plaintiffs say this is conjecture, irrelevant and highly prejudicial, and that there is no supporting proof that her medical condition or medications in any way caused the accident.

Defendants claim Crechale's medical condition and medications are relevant to determining fault for the accident. Defendants also claim this information is relevant to damages for loss of society and companionship.

This court has not been made aware of any supporting proof that the decedent's medical condition or medications contributed to the accident or any proof of how it is relevant to loss of society or companionship. This court, then, defers its ruling on this issue until the trial of this cause and when this court will determine admissibility outside the presence of the jury.

IT IS THEREFORE ORDERED AND ADJUDGED, that Plaintiffs' Omnibus Motion in Limine [doc. no. 164] is granted in part and deferred in part until trial. The motion is granted to the extent that l) The defense is prohibited from submitting evidence, testimony or comment regarding hostility among the Plaintiff brothers, including reference to the will contest or ongoing litigation among the brothers, except as it relates directly to the relationship between any brother and their mother, Carolyn Crechale; 2) no mention or offer of evidence may be made regarding any party's relative wealth or current or past financial condition; and 3) all parties are prohibited from making the "golden rule" argument.

4

Plaintiffs' motions in limine regarding Plaintiffs' criminal history; Carolyn Crechale's age and competency; Carolyn Crechale's medications and medical conditions; and what questions the defense wishes to pursue to "humanize" David Brooks are deferred until the trail of this cause.

All deferred matters shall not be aired in any form, whether oral or written, from any witness whether on direct or cross examination unless this court has addressed and approved these matters outside the presence of the jury.

SO, ORDERED AND ADJUDGED, on this, the 7th day of March, 2022.

s/ HENRY T. WINGATE<br>
UNITED STATES DISTRICT JUDGE