**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**PHILLIP CRECHALE, KENNETH JOHN CRECHALE,**
**AND MICHAEL CRECHALE, AS PERSONAL**
**REPRESENTATIVES AND WRONGFUL DEATH**
**BENEFICIARIES OF CAROLYN CRECHALE,**
**DECEASED, AND ON BEHALF OF OTHER**
**WRONGFUL DEATH BENEFICIARIES**                                    **PLAINTIFFS**

**VS.**                            **CIVIL ACTION NO. 3:19-CV-617-HTW-LGI**

**CARROLL FULMER LOGISTICS CORPORATION,**
**DAVID L. BROOKS, AND**
**JOHN AND JANE DOES 1-10**                                        **DEFENDANTS**

**PLAINTIFFS' JOINT MOTION FOR JUDGMENT NOTWITHSTANDING THE**
**VERDICT, MOTION FOR JUDGMENT AS A MATTER OF LAW, MOTION FOR A**
**NEW TRIAL, OR, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM**
**JUDGMENT**

    **COMES NOW** the Plaintiffs, Phillip Crechale, Kenneth John Crechale, and Michael

Crechale (collectively "Plaintiffs"), by and through their attorneys of record and pursuant to

FRCP Rule 50, FRCP Rule 59, and FRCP Rule 60, and moves this Court for a judgment

notwithstanding the verdict (JNOV), for judgment as a matter of law, for a new trial, or, in the

alternative, for relief from judgment, and in support of said motion would respectfully show the

Court the following:

## I.   INTRODUCTION

    The trial of the case *sub judice* was held before a jury of seven (7), commencing on May

9, 2022 and ending on May 20, 2022.  The case was submitted to the jury on instructions

delivered by the Court. The jury awarded the Plaintiffs compensatory damages in the amount of

$13,748.00 for funeral expenses, $19,208.98 for medical expenses, and $200,000.00 for each of

the three Plaintiffs for loss of love, society and companionship, with a finding of comparative

fault on the part of the decedent Carolyn Crechale of 60% and of Defendant David L. Brooks of 40%. The verdict is thus reduced by 60%, for a total of $5,449.20 for funeral expenses, $7,685.60 for medical expenses, and $80,000 for each of the three Plaintiffs for loss of love, society, and companionship.

Feeling aggrieved by the jury's verdict, Plaintiffs file this their Motion for a Judgment Notwithstanding the Verdict, Motion for Judgment as a Matter of Law, Motion for a New Trial, or in the alternative, Motion for Relief from Judgment. Plaintiffs respectfully submit that the court erred by allowing the jury to consider contributory negligence and allowed the jury to wrongly consider negligence on behalf of the deceased, causing reversible error. Plaintiffs respectfully request this court grant judgment in their favor, or in the alternative, grant a new trial.

## II. ARGUMENT

Plaintiffs will show that they are entitled to a judgment notwithstanding the verdict or a new trial based on the issues as set out below.

## III. STANDARDS OF REVIEW

### A.  JUDGMENT AS A MATTER OF LAW

Federal Rule of Civil Procedure 50(b) permits a party, within 28 days after the entry of judgment, to file a renewed motion for judgment as a matter of law. Fed. R. Civ. P. 50(b). Judgment as a matter of law is appropriate only when the "facts and inferences point so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary conclusion." *OneBeacon Ins. Co. v. T. Wade Welch & Assocs.*, 841 F.3d 669, 675 (5th Cir. 2016) (internal quotation marks omitted) (quoting *Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 498 (5th Cir. 2012)). It is the non-moving party's burden to "at least establish a conflict in substantial

evidence on each essential element of their claim." *North Cypress Med. Ctr Operating Co. v. Aetna Life Ins. Co.*, 898 F.3d 461, 473 (5th Cir. 2018) (quoting *Goodner v. Hyundai Motor Co., Ltd.*, 650 F.3d 1034, 1039 (5th Cir. 2011)). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Conn. Gen. Life Ins. Co. v. Humble Surgical Hosp., L.L.C.*, 878 F.3d 478, 485 (5th Cir. 2017)). "When a case is tried to a jury, a motion for judgment as a matter of law is a challenge to the legal sufficiency of the evidence supporting the jury's verdict." *Cowart v. Erwin*, 837 F.3d 444, 450 (5th Cir. 2016) (emphasis added).

Plaintiffs are entitled to judgment as a matter of law because the jury lacked a legally sufficient evidentiary basis to find that the decedent Carolyn Crechale was contributorily negligent for the subject accident.

## B.  <u>JUDGMENT NOTWITHSTANDING THE VERDICT (JNOV)</u>

The standard for a motion for JNOV was set forth in *Jesco Inc. v. Whitehead*, 451 So.2d 706, 711 (Miss. 1984), as follows:

> The motion for j.n.o.v. tests the legal sufficiency of the evidence supporting the verdict. It asks the Court to hold, as a matter of law, that the verdict may not stand. Where a motion for j.n.o.v. has been made, the trial court must consider all of the evidence-not just evidence which supports the non-movant's case-in the light most favorable to the party opposed to the motion. The non-movant must also be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. If the facts and inferences so considered point so overwhelmingly in favor of the movant that reasonable men could not have arrived at a contrary verdict, granting the motion is required. On the other hand, if there is substantial evidence opposed to the motion, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motion should be denied and the jury's verdict allowed to stand. See, e.g., *General Tire and Rubber Co. v. Darnell,* 221 So.2d 104, 105 (Miss.1969); *Paymaster Oil Co. v. Mitchell,* 319 So.2d 652, 657 (Miss.1975); *City of Jackson v. Locklar,* 431 So.2d 475, 478 (Miss.1983).

The legal sufficiency of the evidence did not support a contributory negligence jury

instruction to be given in this case.  Plaintiffs presented more than sufficient evidence to show Plaintiffs' deceased mother, Carolyn Crechale did not contribute any negligence to her accident with Defendant David Brooks and her untimely death. Plaintiffs presented evidence to show she attempted to move her vehicle from the interstate but was unable to do so, and Plaintiffs presented undisputed evidence in the form of testimony by Defendant David Brooks in which he admitted that he failed to maintain proper speed, failed to maintain proper distance, failed to maintain proper control of his vehicle, and failed to maintain a proper lookout, but the jury was distracted by the Defendants' position and idea Carolyn Crechale was at fault for being in the roadway. The jury's verdict was contrary to the evidence in that no reasonable person could have reached the conclusion reached by the jury without the result of an improper jury instruction. Plaintiffs incorporates the arguments raised below in their Motion for New Trial for this court to review. The verdict should not stand based on the actual testimony presented to the jury.

## C.  NEW TRIAL

In the event that the Court is not compelled to enter a judgment notwithstanding the verdict, Plaintiffs requests this Court to order a new trial. "Rule 59(a), unlike Rule 50, does not allow for a directed judgment. Rather, it provides that a 'court may, on motion, grant a new trial on all or some of the issues—and to any party—... after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court.'" *Kaiva, LLC v. Parker*, No. 1:15-CV-63-DMB, 2018 WL 1162250, at *3 (N.D. Miss. Mar. 5, 2018) (citing Fed. R. Civ. P. 59(a)(1)(A). "A trial court should not grant a new trial on evidentiary grounds unless the verdict is against the great weight of the evidence." *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998) (citations omitted). "Whether under Rule 59 or Rule 50, federal courts in diversity cases 'apply federal standards of review to assess the sufficiency or insufficiency of the

4

evidence in relation to the verdict, but in doing so ... refer to state law for the kind of evidence that must be produced to support a verdict.'" *Kaiva*, 2018 WL 1162250, at *3 (N.D. Miss. Mar. 5, 2018) (quoting *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 884 (5th Cir. 2004)) (emphasis added).

In that regard, the Motion for a New Trial addresses the weight of the evidence and should be granted to prevent an unconscionable injustice. *Wall v. State*, 820 So. 2d 758, 759 (Miss. 2002); *Bridges v. State*, 790 So. 2d 230, 233 (Miss. 2001). "A new trial may be granted in a number of circumstances, such as when the verdict is against the overwhelming weight of the evidence, or when the jury has been confused by faulty jury instructions, or when the jury has departed from its oath and its verdict is a result of bias, passion, and prejudice." *Bobby Kitchens, Inc. v. Mississippi Ins. Guar. Ass'n*, 560 So. 2d 129, 132 (Miss. 1989) (emphasis added). Errors occurring at the trial cannot be reviewed without a motion for new trial. *Hayes v. Slidell Liquor Co.*, 55 So. 356, 357 (Miss.1911). Specifically, Plaintiffs requests this Court order a new trial so that the jury may consider the full weight of Plaintiffs' evidence, and the admissions of fault by Defendant, without placing the below restrictions on Plaintiffs' presentation of evidence.

## D. <u>RELIEF FROM JUDGMENT</u>

"The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005). "[T]he decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for abuse of that discretion." *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir.1996) (en banc) (citations omitted). Under Rule 60(b)(6), a court may grant relief for "any other reason justifying relief from the operation of the judgment." *Hesling*, 396 F.3d at 642. Relief under this section is

granted only if extraordinary circumstances are present. *Am. Totalisator Co. v. Fair Grounds Corp.*, 3 F.3d 810, 815 (5th Cir. 1993) (citations omitted).

## **PLAINTIFFS HAVE NOT WAIVED THEIR POST-TRIAL MOTIONS**

Plaintiffs anticipate Defendants will claim that in the case *sub judice*, Plaintiffs waived their post-trial motions because they did not move for judgment as a matter of law "before the case is submitted to the jury." Fed. R. Civ. 50(a)(2).

Plaintiffs have not waived their right to file their post-trial motions. Plaintiffs did not make a motion for judgment as a matter of law with specificity, but Plaintiffs did put the Defendants and the Court on notice of their intent to raise issues as to the Court's rulings on matters concerning the jury instructions and Plaintiffs' claims for damages by stating to the Court their intent during the trial and at the time of the Court's rulings that they were preserving their right to appeal.

In *Polanco v. City of Austin, Tex.*, 78 F.3d 968, 974 (5th Cir. 1996), the Fifth Circuit held "…this circuit construes rule 50(b) liberally…This court has concluded that [t]o demand a slavish adherence to the procedural sequence and to require [a party]…to articulate the words of renewal once the motion had been taken under advisement, would be to 'succumb to a nominalism and a rigid trial scenario as equally at variance as ambush with the spirit of the rules.'" (quoting *Bohrer v. Hanes Corp.*, 715 F.2d 213, 217 (5th Cir.1983)) (emphasis added). *See also MacArthur v. Univ. of Tex. Health Ctr.*, 45 F.3d 890, 896-97(5th Cir. 1995); *Minter-Smith v. Mukasey*, 2008 WL 2164565, 3:03CV1057-DPJ-JCS, *8 (S.D. Miss. 2008); *Picou v. City of Jackson, Miss.*, 48 F. App'x 102, 2002 WL 31016468, *2 (5th Cir. 2002).

"For years, the Fifth Circuit followed the 'general rule [that] a party that fails to renew his motion for judgement as a matter of law at the conclusion of all evidence waives its right to

challenge the sufficiency of evidence…." *Kaiva, LLC v. Parker*, No. 1:15-CV-63-DMB, 2018 WL 1162250, at *5 (N.D. Miss. Mar. 5, 2018) (quoting *Delano-Pyle v. Victoria Cty.*, 302 F.3d 567, 572 (5th Cir. 2002)). "Under this standard, a failure to raise a Rule 50(a) motion at the close of all the evidence resulted in a waiver of the evidentiary issue sought to be addressed unless the moving party satisfied Rule 50's purposes of enabling "the trial court to re-examine the question of evidentiary insufficiency as a matter of law if the jury returns a verdict contrary to the movant, and to alert the opposing party to the insufficiency before the case is submitted to the jury." *Kaiva*, at *5 (N.D. Miss. Mar. 5, 2018) (quoting *Bay Colony, Ltd. v. Trendmaker, Inc.*, 121 F.3d 998, 1003 (5th Cir. 1997)) (emphasis added). "In 2006, however, Rule 50(b), the rule authorizing a post-trial motion for judgment as a matter of law, was 'amended to permit renewal of any Rule 50(a) motion[,] ... deleting the requirement that a motion be made at the close of all evidence.'" *Kaiva*, at *5 (N.D. Miss. Mar. 5, 2018) (quoting Fed. R. Civ. P. 50 advisory committee's note to 2006 amendment.) "[T]he Fifth Circuit has also held that so long as a litigant moved for judgment as a matter of law before a verdict, she may renew that motion in a post-judgment Rule 50(b) motion." *Id.* (emphasis added).

Plaintiffs' right to file post-trial motions are protected under Fed. R. Civ. Pro. 50, 59, and 60 and cannot be waived if they are timely filed. Plaintiffs' post- trial motions were timely-filed and are not subject to being waived. Plaintiffs made their objections at trial to the issues raised in this post-trial motion: (1) the issue of the Court mis-instructing the jury as to the law; (2) allowing the jury to consider contributory negligence on the part of the decedent; (3) excluding Plaintiffs' expert witnesses from the courtroom; (4) allowing the jury to ignore Defendant David Brooks' admissions on the form of the verdict; (5) allowing Defendants to raise a brand-new defense for the first time during trial; and (6) erroneously re-instructing the jury on issues of fault

and negligence after the jury asked a question about damages only.

### A. The Court erred by adding "possible" to a jury instruction which made the instruction confusing and a misstatement of the law.

The Court admitted Defendants' jury instruction number D-23. The instruction was supposed to be a direct copy of the instruction from the *Meka v. Grant Plumbing*, 67 So.3d 18 (Miss. 2011) case. The jury instruction approved by the Mississippi Court of Appeals in *Meka* states:

> If you find that the Plaintiff, Satyadev Meka, stopped his vehicle in a place and manner where it was *unreasonably practical* for him to stop his vehicle, then Satyadev Meka was negligent.

*See, Meka*, 67 So. 3d at 24.

Defendants' proposed jury instruction D-23 stated:

> If you find that Carolyn Crechale stopped her vehicle in a place and manner where it was *not practical* for her to stop her vehicle, then Carolyn Crechale was negligent.

In the case *sub judice,* the Court added the word "possible" so that *Meka's* original phrase of "unreasonably practical" was altered to read "possible or unreasonably practical." This incorrect phrasing was a misstatement of the law that confused the jury on the proper elements of the law.

The Court reviews properly preserved claims of jury instruction error for abuse of discretion." *Wright v. Ford Motor Co.,* 508 F.3d 263, 268 (5th Cir.2007). Reversal is proper when "[t]he party challenging the instructions ... demonstrate[s] that the charge as a whole creates substantial and ineradicable doubt whether the jury has been properly guided in its deliberations." *Navigant Consulting, Inc. v. Wilkinson,* 508 F.3d 277, 293 (5th Cir. 2007) (citation and internal quotation marks omitted).

When reviewing for abuse of discretion, the Fifth Circuit will reverse a district court's refusal to give a requested jury instruction "only if the instruction (1) was a substantially correct statement of law, (2) was not substantially covered in the charge as a whole, and (3) concerned an important point in the trial such that the failure to instruct the jury on the issue seriously impaired the [party's] ability to present a given [claim]." *Kanida v. Gulf Coast Med. Pers. LP*, 363 F.3d 568, 578 (5th Cir. 2004) (quoting *United States v. McClatchy*, 249 F.3d 348, 356 (5th Cir. 2001)).

  Proposed jury instructions that rely on inapplicable law cannot be "substantially correct." *See United States v. Spalding*, 894 F.3d 173, 188 (5th Cir. 2018) (holding that instructions that relied on a case that "was inapposite" did not need to be given). This Court allowed an instruction that was a misstatement of the law.

The Mississippi Court of Appeals had previously allowed an instruction in *Meka* that the Plaintiff agreed to. Under its own direction, the Court in the case *sub judice* added the word "possible" which made the jury instruction an incorrect statement of the law. The addition of the word "possible" completely altered the meaning of the instruction and the perceived direction of the instruction so that the instruction was a misstatement of the law and an improper application of the law. "Possible" is not the correct standard and is much lower threshold for the jury to have to consider contributory negligence.

The instruction approved by the Court of Appeals in *Meka v. Grant Plumbing*, 67 So.3d 18 (Miss. 2011) case was as follows:

> *"If you find that the Plaintiff, Satyadev Meka, stopped his vehicle in a place and manner where it was unreasonably practical for him to stop his vehicle, then Satyadev Meka was negligent."*

9

The Court altered the instruction approved by the Court of Appeals and added the word "possible." The Court's instruction submitted in this case reads as follows:

> *"Therefore if you find from a preponderance of the evidence in this case that the decedent, Carolyn Crechale, allowed her vehicle to remained stopped in a land of travel on the highway when it was possible, or reasonably practicable, for her to steer her vehicle onto a safe shoulder of the highway, then the Court instructs the jury that such inaction constituted negligence on behalf of the decedent…"*

By definition the words possible and practicable have different meanings. *Practical is something that is reasonably likely to succeed or be effective in real circumstances.  Possible is within the power or capacity of someone to do.*   By adding the word 'possible' the Court created a different legal standard, one that is vastly different then what was intended to be conveyed to the jury. The instruction is both confusing and a misstatement of the law that prejudiced the Plaintiffs. The instruction created two different legal standards that confused the jury. That is, the Court's use of the word "possible" instructed the jury that Crechale was not only capable of moving her vehicle but she had the duty to do so. The use of the "practical" told the jury they could find it was NOT practical for Crechale to attempt to move her vehicle, even if it was possible to do so. By combining the phrases "possible" and "practical," the Court's instruction told the jury it should disregard whether it was it was practical for Crechale to move her vehicle, and instead should determine it was possible for Crechale to move her vehicle. The Court's instruction took away the jury's right to weigh the evidence and decide whether she could move her vehicle, and instead told the jury it must find she could have moved her vehicle and therefore was contributorily negligent.

Another issue is the lack of the use of the word "reasonably" in front of the word

"possible." The word possible standing alone was sufficient to create an incorrect statement of law. The word "reasonably" should have been used by the Court in front of both words, as the word "reasonably" tells the jury to weigh the evidence and determine whether Crechale's actions were reasonable. By not adding the word "reasonably" in front of "possible" as was done with the next word that appeared as "reasonably practicable" the Court created two separate standards for the jury to consider. The Court's omission of the word "reasonable" in front of the word "possible" instructed the jury that it was possible for Crechale to move her vehicle, and because she did not she was contributorily negligent. The Court's omission of the word "reasonable" in front of the word "possible" served to instruct that jury that it should not weigh the evidence about what was possible but instead should just determine that it was possible and therefore find Crechale to be contributorily negligent. The two standards of "possible" vs. "reasonably practicable" are vastly different by definition and understanding so that an error was created that caused the jury confusion.

**B.  The Court Erred in Allowing the Jury to Consider Contributory Negligence and Entering a Form of the Verdict that Required the Jury to Consider Plaintiffs' deceased mother, Carolyn Crechale, as Contributorily Negligent.**

Plaintiffs are entitled to a new trial based upon the Court giving the jury a contributory negligence instruction on the Interrogatory Form of the Verdict (Question No. 2, 3 and 4) requiring the jury to consider contributory negligence against Carolyn Crechale when no evidence presented at trial would give rise to Carolyn Crechale being contributorily negligent. Plaintiffs' counsel timely objected to the Court giving the contributory negligence instruction at issue here. The Court erred in giving the following the following jury instruction as the Form of the Verdict:

> <u>Question No. 2</u>: Do you find, by a preponderance of the evidence, that Carolyn Crechale, too, was negligent and that her negligence proximately caused or

contributed to the subject motor-vehicle accident?

<u>Question No. 3</u>: If you answered "YES", what percentage of fault in causing the subject motor-vehicle accident do you assign to each of the parties?

<u>Question No. 4</u>: If you answered "YES" to Question No. 1, what amount, if any, do you find the compensatory damages of the Plaintiff's to be? If you decide to award no money in any category below, then write in a zero (0) for that category…. If you have found that both David Brooks and Carolyn Crechale were negligent, then place an X on the following line: _____ We, the jury, find that both Carolyn Crechale and David Brooks were negligent by the percentage of fault above stated.

The Court erred in giving the above-quoted contributory negligence jury instruction noted as Question No. 2, 3 and 4 on the Interrogatory Form. This exact instruction was provided in a similar case and the Mississippi Court of Appeals held it to be in error and granted a new trial. In *King v. Kroger Co.*, 787 So. 2d 677, 681 (Miss. Ct. App. 2001), the Court of Appeals held:

In giving Jury Instruction D–4, the trial court erred, since there was not a single instance of negligence on the part of King which could have supported a comparative negligence finding by the jury other than the fact that King should have apparently recognized the mopped floor. This evidence would support the "open and obvious" defense, which is no longer applicable in our comparative negligence doctrine. Finding error, we reverse and remand.

*King v. Kroger Co.*, 787 So. 2d 677, 681 (Miss. Ct. App. 2001)

The D-4 Jury Instruction from *King* is nearly word for word the same jury instruction at issue in the case at bar and is substantively the same. Jury Instruction D-4 reads as follows:

The Court instructs the Jury that while shopping at Kroger Store V379, Jore King had a duty to exercise reasonable care to observe any hazard or risks on the floor in the produce department which could cause injury to her and which were readily apparent and if you believe from a preponderance of the evidence in this case that Jore King failed to do so, then she was guilty of negligence.

If you further believe from a preponderance of the evidence in this case that the negligence, if any of Jore King was a contributing proximate cause of the injuries and damages, if any, suffered by her when she fell, then you shall reduce any damages you award Jore King, if any, by the proportion or amount her negligence

> contributed to her injuries. However, if you believe by a preponderance of the
> evidence in this case that the negligence of Jore King, if any, was the sole
> proximate cause of her injury then you shall return a verdict for the Defendant,
> The Kroger Company.

*Id.* at 680.

In order for the Court to provide a contributory negligence instruction, like Question No.

2, 3 and 4 on the Interrogatory Form in this case, there must be some substantive evidence of

Crechale contributing to her injuries. The Defendants did not produce any evidence that proved

Crechale was contributorily negligent to allow the jury to consider apportionment of fault.

Apportionment of fault is only appropriate where a defendant has plead and proven negligence

on the part of a party or non-party. *Michelle Eckman v. Moore*, 876 So. 2d 975, 989 (Miss.

2004). "It is fundamental that the burden of proof of affirmative defenses rests squarely on the

shoulders of the one who expects to avoid liability by that defense." *Marshall Durbin Companies

v. Warren*, 633 So. 2d 1006, 1009 (Miss. 1994). A defendant is required to prove the negligence

of the individual who they assert is at fault and prove that the negligence contributed to the cause

of plaintiff's injury for there to be fault allocated to someone other than the named defendants.

*Breaux v. Grand Casinos of Miss.*, 854 So. 2d 1093, 1097 (Miss. App. 2003) (citing *King v.

Dudley*, 286 So. 2d 814, 817 (Miss. 1973)).

In the case at bar, there was no evidence or testimony presented to the jury that would

support a contributory negligence jury instruction. There was no testimony by any

witness the Plaintiff acted negligently or contributed to her automobile accident. The one

eyewitness – David Brooks, who he himself sat in the roadway for an estimated five minutes,

testified only that Carolyn Crechale MAY could have pulled her vehicle off the roadway but did

not testify that she did not attempt to pull off the roadway.  Ms. Crechale's son, Michael

Crechale, testified Carolyn told him the cars were going too quickly for her to pull to the

13

shoulder and that she was trying to pull over off the road but was unable to do so. The video evidence presented by the Defendants showed Ms. Crechale in the roadway with her hazard lights on at the time of the crash. The video evidence does however also show Defendant David Brooks as a distracted driver by looking away from the roadway at his GPS. Simply put, no eyewitness to the accident provided testimony which proved by a preponderance of the evidence that Crechale committed any acts of negligence which proximately caused the subject accident to occur.

There was no evidence presented by either party that Crechale did anything to cause or contribute to her automobile accident, and therefore the jury should not have been required to apportion a percentage of fault to the Plaintiff. Apportionment of fault is an affirmative defense that the defendant has the burden of proving. *Eckman,* 876 So. 2d at 989. In *Eckman* the court stated, "it is fundamental that the burden of affirmative defenses rests squarely on the shoulders of the one who expects to avoid liability by the defense." *Id.* (citing *Marshall Durbin Co.* v. *Warren,* 633 So. 2d 1006, 1009 (Miss. 1994)). In the case *sub judice,* Defendants presented no evidence that Crechale committed any acts of negligence. There was no testimony by anyone that Crechale's acts caused the subject accident. In order for the jury to be able to consider apportioning fault to Crechale or any other party, the Defendants must prove (1) negligence by a preponderance of the evidence and (2) also show that such negligence contributed to the cause of the Plaintiff's injury. *Breaux,* 854 So. 2d at 1097. Since the Defendants failed to present any evidence that Crechale acted negligently or caused or contributed to the subject accident, the jury should not have been required to apportion any percentage of fault to her under the law.

Since there was no evidence or testimony showing Plaintiff was negligent, it was reversible error to allow the jury to consider contributory negligence, as was the case in *King*.

In *King*, the jury reached a verdict for the defendant, and the Mississippi Court of Appeals reversed and remanded, solely based on the trial court's error of providing Jury Instruction D-4, which is basically identical to the jury instruction given in the case at bar.  For the same reason the *King* court reversed and remanded, this Court should grant Plaintiff a new trial.

### C.  The Court Erred by Excluding Plaintiffs' Experts from the Court Room During Trial

During the trial the Defendants invoked the rule. The Plaintiffs motioned for the Court to allow their liability experts to stay in the courtroom to hear the evidence and to assist the Plaintiffs in the presentation of the case. The Court denied this request so that the Plaintiffs were required to present their case without the assistance of their experts during the direct and cross examination of Defendant driver Brooks.

Fed. R. Evid. 615 allows the Court to exclude certain fact witnesses. Rule 615(c) provides an exception to the rule to allow for "a person whose presence a party shows to be essential to presenting the party's claim or defense." This exception applies to expert witnesses and other necessary persons. "Expert witnesses 'clearly fall within' the exception of Rule 615(c)." *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP, 2017 WL 2987282, at *7 (S.D. Miss. July 12, 2017) (citing *Plythane Sys. v. Marina Ventures Int'l, Ltd.*, 993 F.2d 1201, 1209 (5th Cir. 1993)). The Advisory Committee's Notes states that the Rule "contemplates such persons as an agent who handled the transaction being litigated or an expert needed to advise counsel in the management of the litigation." Fed. R. Evid. 615 advisory committee's notes (emphasis added). The rule allows for experts to remain in the courtroom when they are assisting counsel. Plaintiffs presented this position to the Court but the Court denied the request which ultimately unduly prejudiced the Plaintiffs. The Plaintiffs were required to question the Defendant driver without the help or direction of their accident reconstruction

experts.

Under Miss. R. Evid. 615(c) and Rule 703 it is proper for experts to remain in the courtroom during witness testimony to assist the party attorney and to render opinions on the testimony. *See Aguilar v. State*, 955 So. 2d 386 (Miss. Ct. App. 2006). *See also Chapin v. State,* 812 So. 2d 246 (Miss. Ct. App. 2002) (Court held it was proper for the expert to remain in the Court room because experts may base their testimony on matters observed at trial); (*Northrup v. State*, 793 So. 2d 618 (Miss. 2001) (experts are properly allowed to remain in court to hear testimony as the basis for their own testimony.) The Court excluded the Plaintiffs' accident reconstruction experts from hearing the evidence of Defendant Brooks. Brooks took the stand and under examination admitted that he was speeding, not maintaining a lookout, and not maintaining control. These admissions were necessary for the experts to develop their testimony. By excluding Plaintiffs' experts from the courtroom, the Court prevented the experts from hearing the Defendant's new testimony which he had not previously admitted. This prejudiced the Plaintiffs in their presentation of the fault issue. It affected the outcome of the Plaintiffs' case and trial because it did not allow Plaintiffs' experts to be able to testify how the new admissions would have placed Defendant Brooks completely at fault. The experts were needed to advise counsel in the management of the litigation once the Defendant effectively changed his testimony. Failure to allow the experts to assist the Plaintiffs prejudiced their case.

Further, during trial Defendants created a new theory of liability/affirmative defense against Carolyn Crechale when they claimed she should have continued to pull forward instead of stopping in the road. Defendants had never presented this theory before and it was necessary for Plaintiffs' experts to hear this theory and help Plaintiffs respond to it. Plaintiffs were

prejudiced by the inability of their experts to be present in the courtroom and advise counsel.

**D.  The Court Erred by Allowing the Jury to Ignore the Three Admissions Made by Defendant on The Form of The Verdict.**

Defendant Brooks admitted on the stand that he failed to maintain a proper lookout, failed to maintain a proper distance, failed to keep his vehicle under reasonable and proper control, and failed to drive at a reasonable speed. Despite these admissions the Court failed to instruct the jury that Defendant had admitted fault. The Court's Verdict Form listed as Interrogatory Document 197 set out a list of four negligent actions the jury could find had been committed by Defendant Brooks. The list included (1) failing to maintain a proper lookout; (2) failing to maintain a proper distance, (3) failing to keep his vehicle under reasonable and proper control, and (4) failing to drive at a reasonable speed. *See* Doc. 197. Defendant Brooks admitted on the stand he committed each of these negligent acts; therefore, the jury would have been required to check each of the forms of negligence. Yet, the jury only checked "failed to maintain a proper lookout". This finding is in contradiction to the overwhelming weight of the evidence and the admissions at trial by the Defendant Brooks.

When a jury has returned a verdict in a civil case, judgment may be entered contrary to the verdict when "given the evidence as a whole, taken in the light most favorable to the verdict, no reasonable, hypothetical juror could have found as the jury found." *Entergy Mississippi, Inc. v. Bolden*, 854 So. 2d 1051, 1054 (Miss. 2003). The failure of the jurors to find in concert with the admissions of the Defendant and the undisputed testimony of the Plaintiffs' experts indicates the jury was not following the Court's instructions or were prejudiced by some other issue.

**E.  The Court Erred by Allowing Defendants to Raise a New Defense of Carolyn Crechale's Ability to Pull Forward on the Interstate Which Prevented Plaintiffs and Their Experts the Ability to Address the New Defense.**

In the middle of the trial, for the first time, Defendants created a new defense where they

stated Carolyn Crechale was at fault for not continuing to pull her car forward after she was hit instead of stopping in the road. This new claim was created during the trial and was allowed over objection by the Court. The new defense was provided in an untimely manner and is trial by ambush. It was not addressed by Plaintiffs' experts as it was created in the middle of trial and too late for Plaintiffs to respond.

The rules of discovery are designed to prevent trial by ambush. *Nichols v. Tubb*, 609 So. 2d 377, 384 (Miss. 1992); *see also Woods v. International Harvester Co.*, 697 F.2d 635, 639 (5th Cir. 1983). "If a witness changes his testimony in a manner that conflicts with prior discovery responses, the sponsoring party has a duty under Rule 26(f) seasonably and formally to amend or supplement the response." *See Hyundai Motor Am. v. Applewhite,* 53 So.3d 749, 757–59 (¶¶ 30– 36) (Miss.2011) (citing *Choctaw Maid Farms, Inc. v. Hailey,* 822 So.2d 911, 916 (¶ 14) (Miss.2002)). When the Defendants created and presented for the first time in trial the liability theory that Carolyn Crechale was at fault for not continuing to drive forward until the next exit, this action was trial by ambush. The theory was not presented in the Defendants' Answer, pretrial order, during any depositions, or mentioned by Defendants' experts. This new theory was not timely provided to Plaintiffs so that their experts could address it or respond to it. The Defendants presented the theory over Plaintiff's objection. This new theory prejudiced the Plaintiffs from both presenting their case and defending against the contributory negligence instruction the court allowed.

### F.  The Court Erred in Reinstructing the Jury for Fifty-Eight (58) Minutes Discussing Fault Issues Raised by the Jury Regarding Question No. 3 on The Interrogatory Form.

The Court submitted to the jury Question No. 4 on the Interrogatory Form which stated:

Question No. 4: If you answered "YES" to Question No. 1, what amount, if any, do you find the compensatory damages of the Plaintiff's to be? If you decide to

award no money in any category below, then write in a zero (0) for that category.

> Funeral Expenses _____
> Medical Expenses _____
> Loss of Love, Society and Companionship for Phillip Crechale _____
> Loss of Love, Society and Companionship for Kenneth Crechale _____
> Loss of Love, Society and Companionship for Michael Crechale _____

If you have found that both David Brooks and Carolyn Crechale were negligent, then place an X on the following line:

_____ We, the jury, find that both Carolyn Crechale and David Brooks were negligent by the percentage of fault above stated.

The jury raised a question during deliberations. Their question was about Question number 4. Question number 4 ONLY dealt with damages. The jury had already resolved the issue of liability. The jury only asked about damages which was the design for question number 4. The Court, on its own, chose to reinstruct the jury in detail about how it should consider comparative fault.

"As a general principle, it is proper for a trial judge to limit reinstruction to the specific request made by a jury." *United States v. Acosta*, 763 F.2d 671, 677 (5th Cir. 1985). Instead of just answering the jury's question about damages, the Court also went back over the liability instructions for 48 minutes. By doing so, the Court redirected the jury's attention to liability issues and reemphasized contributory negligence so that the jury was confused and not able to adequately process the damages issue. "This Court has expressed its concern about the dangers of incomplete supplemental instructions … In giving additional instructions to a jury—particularly in response to inquiries from the jury—the court should be especially careful not to give an unbalanced charge." *Acosta*, 763 F.2d at 678 (quoting *United States v. Sutherland*, 428 F.2d 1152, 1158 (5th Cir.1970). By re-instructing the jury on issues of liability and contributory negligence, the Court suggested to the jury that they should find that Carolyn

Crechale was contributorily negligent for the subject accident.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request the Court grant their Joint Motion for Judgment Notwithstanding the Verdict, for Judgment as a Matter of Law, for a New Trial, or, in the alternative, for Relief from Judgment.

THIS the 24th day of June, 2022.

Respectfully submitted,

KENNETH JOHN CRECHALE

BY: /s/ J. Ashley Ogden_____
J. ASHLEY OGDEN

JOINED BY:

/s/ Mike Saltaformaggio_____
Mike Saltaformaggio, Esq. (MSB #104000)
Attorney for Plaintiff, Phillip Crechale

/s/ Robert G. Barlow, III_____
Robert G. Barlow, III, Esq. (MSB #103712)
Attorney for Plaintiff, Michael Crechale

## <u>CERTIFICATE OF SERVICE</u>

I, J. Ashley Ogden, hereby notify that I have this day electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

James R. Moore, Jr., Esq. (MSB #3445)
jmoore@cctb.com
C. Landon Kidd, Esq. (MSB #104521)
lkidd@cctb.com
G. Weathers Virden, Jr. Esq. (MSB #105200)
wvirden@cctb.com
Copeland Cook Taylor & Bush, P.A.
P.O. Box 6020
Ridgeland, MS 39158
ATTORNEYS FOR DEFENDANTS

THIS the 24th day of June, 2022.

/s/ J. Ashley Ogden
J. ASHLEY OGDEN

21